**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GEORGE EDWARD FARMER,
      *Petitioner-Appellant,*

v.

GEORGE H. BALDWIN,
      *Respondent-Appellee.*

No. 06-35635

D.C. No.
CV-02-01565-ALA

ORDER
CERTIFYING A
QUESTION TO
THE SUPREME
COURT OF
OREGON

Filed August 15, 2007

Before: Alfred T. Goodwin, Stephen Reinhardt, and
Milan D. Smith, Jr., Circuit Judges.

## ORDER

George Edward Farmer ("Farmer") appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, arising from his conviction in Oregon state court on one count of murder. The district court did not reach the merits of Farmer's claims, ruling instead that he failed to exhaust available state remedies, and that his claims are now procedurally defaulted.

Farmer contends on appeal that the district court erred in so concluding, arguing that because he complied with Oregon procedural rules to present his claims to the state courts, those claims are now exhausted and warrant federal habeas review. Because this contention raises an important and unresolved issue of Oregon law, we respectfully CERTIFY A QUES-

TION for review by the Supreme Court of Oregon. We offer the following statement of relevant facts and explanation of the "nature of the controversy in which the question[ ] arose." Or. Rev. Stat. § 28.210(2) (2005).

## BACKGROUND

An Oregon state court jury convicted Farmer of murder and the trial court sentenced him to twenty-five years to life imprisonment. Farmer appealed his sentence only, and the Oregon Supreme Court ultimately affirmed the trial court's judgment. *State v. Farmer*, 856 P.2d 623 (Or. 1993). Farmer thereafter sought state post-conviction relief, alleging in his post-conviction petition to the trial court that he had been denied adequate assistance of both trial and appellate counsel, in violation of the Sixth and Fourteenth Amendments. He also claimed that both his conviction and sentence violated his federal guarantees of due process and equal protection, and that he had been searched in violation of the Fourth Amendment.

On appeal from the trial court's denial of Farmer's post-conviction petition, his appellate attorney in October 2001 attempted to submit a "no-merits" brief according to the procedure outlined in *State v. Balfour*, 814 P.2d 1069 (Or. 1991). *Balfour* calls for a two-part brief when an attorney representing an indigent criminal defendant cannot identify a non-frivolous claim to raise on appeal. *Balfour*, 814 P.2d at 1079-80. Section A, prepared and signed by the attorney, must contain a statement of the case sufficient to apprise the court of the appeal's jurisdictional basis, but it may not contain any assignment of error or argument. *Id.* at 1080. If the client wishes to raise an issue or issues the attorney deems frivolous, the brief must contain Section B, which "shall raise any claim of error requested by the client . . . in the manner that the client wishes to raise it," and is signed by the client alone. *Id.* Farmer's appellate attorney drafted Section A of the *Balfour* brief, in which he stated that he had conferred with Farmer and Farmer's post-conviction trial counsel in an effort to iden-

tify any non-frivolous claim to raise on appeal. Section A did not contain any assignment of error, but did state that Farmer "has filed a Petition for Post-Conviction Relief and makes all the allegations set forth therein." This portion of the brief also stated that Farmer was offered an opportunity to draft and submit Section B with the assistance of counsel, but that he instead chose "to attach a copy of his post conviction petition, in the hopes of at least preserving all the issues presented therein." Farmer's post-conviction petition was appended to Section A of the brief in original form, but without a heading identifying it as "Section B" of the brief.

After the Oregon Court of Appeals affirmed without opinion, Farmer filed a petition for review in the Oregon Supreme Court in July 2002. On the petition's opening page Farmer stated that he intended to rely on the petition itself and the briefs filed in the court of appeals. In the body of his petition Farmer raised no claims and made no assignments of error, but stated inter alia that: (1) the reasons justifying reversal of the court of appeals "are set forth in the appellate brief"; and (2) his position was "set forth in the . . . [B]alfour brief." Farmer did not attach a copy of the *Balfour* brief to his petition for review. The Oregon Supreme Court summarily denied review. *Farmer v. Baldwin*, 54 P.3d 1041 (Or. 2002).

Farmer thereafter filed the instant habeas petition, in which he again alleged that he had been deprived of his federal right to effective trial and appellate assistance, that his federal guarantees of due process and equal protection had been violated, and that he was searched in violation of the Fourth Amendment. The district court concluded that because Farmer did not "fairly present" his federal claims to the Oregon Supreme Court, those claims were not exhausted and federal habeas review was therefore precluded under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Further, reasoning that Farmer could no longer present his claims to the Oregon Supreme Court because they were untimely under Oregon's procedural rules, the district court determined those

claims were procedurally defaulted for purposes of federal habeas review. Because Farmer had shown neither the cause nor prejudice necessary to cure this procedural default, the district court dismissed his habeas petition. Farmer timely appealed to this court.

## DISCUSSION

As a general matter, no federal habeas relief is warranted until a state prisoner has exhausted all available state remedies. 28 U.S.C. § 2254(b)(1). This so-called "exhaustion requirement" is intended to afford "the state courts a meaningful opportunity to consider allegations of legal error" before a federal habeas court may review a prisoner's claims. *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)).

Our central inquiry is whether Farmer satisfied this "fair presentation" requirement in his petition for review to the Oregon Supreme Court, thereby exhausting his available state remedies, and authorizing him to seek federal habeas relief. In particular, we inquire whether Farmer's petition for review, which refers directly and repeatedly to his *Balfour* brief, to which his original post conviction petition was attached in place of (although not labeled as) Section B, and which attachment explicitly stated his federal claims, constitutes presentation of those claims to the Oregon Supreme Court under Oregon's rules or practice. This inquiry turns directly on the construction and application of several Oregon Rules of Appellate Procedure, as well as on the practice followed by the Oregon Supreme Court, and presents questions of Oregon law for which we have found no guidance in the case law

from either the Oregon Court of Appeals or the Oregon Supreme Court.

## I.  Oregon Rule of Appellate Procedure 9.05

As an initial matter, we are mindful that Farmer's petition for review to the Oregon Supreme Court did not comply with the state's appellate rules generally governing such petitions. The operative rule at the time Farmer sought review broadly required all petitions to the Oregon Supreme Court to contain: a concise statement of the legal question presented for review; the rule of law the petitioner proposed to be established; a concise statement of each reason asserted for reversal or modification of the Court of Appeals' decision; a short statement of facts; and a statement of specific reasons why the issues presented had importance beyond the particular case and warranted decision by the Supreme Court. Or. R. App. P. 9.05(3) (2001). Farmer's petition did not specifically contain any of the required elements, but rather referred the Oregon Supreme Court to his *Balfour* brief — including the petition attached thereto in lieu of Section B — filed in the Court of Appeals in an attempt to satisfy the applicable requirements. We have no trouble concluding that the Oregon Supreme Court would find Farmer's petition lacking under a straightforward application of Rule 9.05(3) (2001).[1] However, we are also persuaded that the lower *Balfour* pleading standard, codified in Oregon Rule of Appellate Procedure 5.90, applies to Farmer's petition. *See* Or. R. App. P. 9.05 cmt. (2001) (referring to Rule 5.90(5) as the governing rule "regarding filing a petition for review where a 'Balfour' brief was filed on behalf of the appellant in the Court of Appeals"). We are simply unaware of the extent to which the Oregon Supreme Court may be flexible in applying that rule, particularly with respect to a petitioner's referring the Court to a statement of claims set forth in a *Balfour* brief filed in the Court of Appeals.

---

[1]The substance of former Rule 9.05(3) is contained in current Oregon Rule of Appellate Procedure 9.05(4).

## II. *Balfour* and Oregon Rule of Appellate Procedure 5.90

Grappling with the competing considerations presented when an indigent criminal defendant wishes to appeal but his appointed counsel does not identify any meritorious grounds to raise, the Oregon Supreme Court in *Balfour* considered first whether an attorney has an ethical duty to withdraw under such circumstances. *Balfour*, 814 P.2d at 1078. Concluding that no such duty exists, the court then sought to establish a standard that would "assure an indigent appellant that requisite equality both of representation by counsel and access to appellate review that will satisfy the due process and equal protection concerns" identified by the United States Supreme Court in *Anders v. California*, 386 U.S. 738 (1967). *Id.* at 1079. The court set out specific procedures for Oregon courts to apply in "appeals of right by indigent persons with a constitutional right to counsel in their criminal appeal," establishing the two-part *Balfour* brief discussed above. *Id.* at 1079-80. As part of formulating those procedures, the court emphasized that because counsel is not ethically responsible for the contents of Section B, counsel "shall present to the court in the brief the issue that the client seeks to raise in the manner that the client seeks to raise it." *Id.* at 1080. Shortly after the Oregon Supreme Court issued *Balfour*, its requirements were codified in Oregon Rule of Appellate Procedure 5.90, effective January 1, 1994.

Specifically, Rule 5.90 provides that when appointed appellate counsel has thoroughly reviewed the record, conferred with trial counsel and the client, and determined that the case raises no meritorious issues, counsel must file a two-part *Balfour* brief. Or. R. App. P. 5.90(1) (2001). Section A, signed by counsel, must contain a statement of the case including a statement of facts, a description of any demurrer or significant motion filed in the case and the trial court's disposition of the motion, and a statement that the case is being submitted pursuant to Rule 5.90. Or. R. App. P. 5.90(1)(a) (2001). Section

B of the brief is signed by the client alone, and demonstrates significant relaxation of the procedural requirements with which a brief to the Oregon Court of Appeals would otherwise have to comply. The operative version of the rule when Farmer sought appellate review in this case provided that Section B of his brief "shall contain any claim of error requested by the client," and required only that Section B "attempt to state the claim and any argument in support of the claim as nearly as practicable in the manner that the client seeks, in proper appellate brief form." Or. R. App. P. 5.90(1)(b) (2001). *Cf.* Or. R. App. P. 5.45 (2001). Further, when appointed counsel submits a *Balfour* brief to the Oregon Court of Appeals, Rule 5.90 provides a similar procedure to seek review in the Oregon Supreme Court, authorizing a petition for review containing a Section A that complies with Rule 9.05 (governing generally petitions for review in the Supreme Court), and a Section B that complies with the *Balfour* standard set out in Rule 5.90. Or. R. App. P. 5.90(5) (2001).

As noted, Farmer's petition for review to the Oregon Supreme Court did not comply strictly with Rule 5.90. Rather than stating Farmer's federal claims in a "Section B," the petition instead attempted to incorporate by reference Farmer's Court of Appeals' briefing, which, by means of the attachment described above, expressly included those federal claims. We have found no Oregon case law examining the language of Rule 5.90 in effect when Farmer filed his petition, particularly the provision that Section B of his brief "shall attempt to state the claim and any argument in support of the claim as nearly as practicable in the manner that the client seeks, in proper appellate brief form." Or. R. App. P. 5.90(1)(b) (2001). Nor have we found any Oregon case law construing the boundaries of current Rule 5.90, which omits the comma after the words "the client seeks". Or. R. App. P. 5.90(b)(i) (2007).

However, as this court has previously noted, the Oregon Supreme Court has routinely considered briefs filed in the

court of appeals not only to adjudicate the merits after review has been granted, but also, at least in some cases, to determine whether to grant review in the first instance. *Wells v. Maass*, 28 F.3d 1005, 1009 (9th Cir. 1994) (collecting cases). This practice, in combination with the relaxed pleading standards enunciated in *Balfour* and codified in Rule 5.90, presents a substantial argument that Farmer "fairly presented" his federal claims to the Oregon Supreme Court. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 668-69 (9th Cir. 2005) (holding that a petition to the Washington Supreme Court fairly presented federal claims by incorporating an appendix that contained arguments relating to three federal claims, when state law did not prohibit such incorporation); *see also Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006) (concluding that if it is permissible under state law for a petitioner to raise an argument to an appeals court by incorporating other documents, a petitioner may fairly present his claim by incorporating such documents). Oregon law has not yet addressed that issue, and we do not think it appropriate to substitute our judgment for that of the Oregon Supreme Court regarding the interpretation of Oregon's appellate procedures and practice. Because of the unique and delicate interplay of federal and state interests implicated by federal habeas corpus actions, and because resolution of this question as a matter of Oregon law is likely to substantially affect Oregon state prisoners seeking federal habeas relief, we believe this question is most appropriately answered in the first instance by the Oregon Supreme Court.

## CONCLUSION

We certify the following question to the Supreme Court of Oregon:

> Whether, under its rules or practice, the Oregon Supreme Court would deem a federal question not properly raised before it, when that question has been presented by means of an attachment to a *Balfour* brief filed in the Court of Appeals, and the

attachment served as (but was not labeled as) Section B of said brief, and the petitioner specifically states in his petition to the Supreme Court that his reasons for seeking review are set forth in the *Balfour* brief.

We respectfully request the Oregon Supreme Court to exercise its discretionary authority under Oregon's Uniform Certification of Questions of Law Act, OR. REV. STAT. §§ 28.200 to .255 (2005), to accept and decide this question. If the Oregon Supreme Court decides that the question presented in this case is inappropriate for certification, or if it declines the certification for any other reason, it should so state and we will resolve the question according to our understanding of Oregon law.

The Clerk will file a certified copy of our Order with the Oregon Supreme Court under OR. REV. STAT. § 28.215 (2005). This appeal is withdrawn from submission and will be submitted following receipt of the Oregon Supreme Court's Opinion on the question certified. This panel retains jurisdiction over further proceedings in this court. The parties will notify the Clerk within one week after the Oregon Supreme Court accepts or rejects certification, and again within one week after the court renders its opinion.

IT IS SO ORDERED.

---

STEPHEN REINHARDT
Circuit Judge, U.S. Court of Appeals for
the Ninth Circuit

### COUNSEL LISTING

Lisa Hay, Steven T. Wax, Assistant Federal Public Defenders, 101 S.W. Main Street, Suite 1700, Portland, Oregon, 97204, petitioner-appellant.

Erin C. Lagesen, Assistant Attorney General, 1162 Court Street, NE, Salem, Oregon, 97301-4096, for respondent-appellee.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.