**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GEORGE EDWARD FARMER,
*Petitioner-Appellant,*

v.

GEORGE H. BALDWIN,
*Respondent-Appellee.*

No. 06-35635

D.C. No.
CV-02-01565-ALA

OPINION

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted July 1, 2007
Submission withdrawn August 15, 2007
Resubmitted March 30, 2009
Portland, Oregon

Filed April 29, 2009

Before: Alfred T. Goodwin, Stephen Reinhardt and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Goodwin

## COUNSEL

Lisa Hay, Assistant Federal Public Defender, Portland, Oregon, for the petitioner-appellant.

Erin C. Lagesen, Assistant Attorney General, Salem, Oregon, for the respondent-appellee.

## OPINION

GOODWIN, Circuit Judge:

After hearing oral argument in this case, we submitted a certified question to the Oregon Supreme Court. *See Farmer v. Baldwin*, 497 F.3d 1050 (9th Cir. 2007) (order). On March 26, 2009, the Oregon Supreme Court answered the certified question. *Farmer v. Baldwin*, __ Ore. __, 2009 Ore. LEXIS 13 (Or. 2009). In light of the Oregon Supreme Court's answer, we reverse the judgment dismissing the petition, and remand for further proceedings.

Because the factual and procedural history of this case is detailed in our certification order, *Farmer*, 497 F.3d at 1052-53, we briefly summarize it here. George Edward Farmer ("Farmer") appealed the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, arising from his conviction in Oregon state court on one count of murder. The district court held that Farmer had failed to exhaust his federal claims because he did not "fairly present" them to the Oregon Supreme Court during his state post-conviction relief proceedings, and that federal habeas review was therefore unavailable under the Antiterrorism and

Effective Death Penalty Act of 1996. The district court further determined that Farmer's claims were untimely under Oregon's procedural rules and were therefore procedurally defaulted for purposes of federal habeas review. It also determined that Farmer failed to show cause and prejudice necessary to cure this procedural default, and dismissed his petition.

**[1]** On appeal, Farmer argued that he had complied with Oregon procedural rules and fairly presented his federal claims to the Oregon Supreme Court by filing a petition for review that referred to a copy of the brief he had filed with the Oregon Court of Appeals in his post-conviction relief proceedings. He alleged that his appellate brief substantially complied with the procedures set out in *State v. Balfour*, 311 Ore. 434, 814 P.2d 1069 (Or. 1991), and that Oregon law did not bar him from incorporating by reference his appellate brief into his petition for review. We determined that Farmer's argument raised an important and unresolved issue of Oregon law, and certified the following question to the Oregon Supreme Court:

> Whether, under its rules or practice, the Oregon Supreme Court would deem a federal question not properly raised before it, when that question has been presented by means of an attachment to a *Balfour* brief filed in the Court of Appeals, and the attachment served as (but was not labeled as) Section B of said brief, and the petitioner specifically states in his petition to the Supreme Court that his reasons for seeking review are set forth in the *Balfour* brief.

*Farmer*, 497 F.3d at 1055-56. The Oregon Supreme Court answered:

> Under ORAP 5.90, a petitioner may present a question of law to this court by means of an attachment to a *Balfour* brief filed in the Court of Appeals, when

> the attachment serves as Section B of said brief, and the petitioner incorporates that same brief by reference into his petition for review.

*Farmer*, __ Ore. at __, 2009 Ore. LEXIS 13 at *24. The Oregon Supreme Court further stated that Farmer's "petition for review complied with the appellate rules" and his "incorporation by reference of arguments from his appellate brief is a permissible method of raising an issue in [the Oregon Supreme Court]." *Id.* at *22-23, 25.

**[2]** In light of the Oregon Supreme Court's answer to the certified question, we hold that the district court erred in ruling that Farmer had not fairly presented his federal claims and was therefore barred from seeking federal habeas review. Therefore, we reverse the district court's judgment and remand with instructions that it consider Farmer's petition for a writ of habeas corpus ripe for review on the merits.

REVERSED AND REMANDED.