**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

VIDAL CARRILLO-CARRILLO,
*Petitioner-Appellant*,

v.

RICK COURSEY, Superintendent,
EOCI,

*Respondent-Appellee.*

No. 14-35897

D.C. No.
2:13-cv-01450-SI

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted March 10, 2016
Portland, Oregon

Filed May 24, 2016

Before: Raymond C. Fisher, Marsha S. Berzon,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Watford

# SUMMARY[*]

## Habeas Corpus

Reversing the district court's judgment dismissing Oregon state prisoner Vidal Carrillo-Carrillo's federal habeas corpus petition, the panel held that Carrillo-Carrillo fairly presented to the Oregon courts his claims that trial counsel rendered ineffective assistance by unduly pressuring him into accepting a no contest plea and that his decision to enter the plea and waive his right to a jury trial was not knowingly and voluntarily made.

The panel explained that Carrillo-Carrillo fairly presented his claims, where he (1) attached his petition for post-conviction relief to the *Balfour* brief filed by counsel on his behalf in the Oregon Court of Appeals, (2) expressly incorporated by reference his PCR petition into Section B of the *Balfour* brief, and (3) filed in the Oregon Supreme Court a petition for review that incorporated by reference Section B of his *Balfour* brief.

## COUNSEL

Anthony D. Bornstein (argued), Assistant Federal Public Defender, Federal Public Defender's Office, Portland, Oregon, for Petitioner-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Rolf Christen Moan (argued), Senior Assistant Attorney General, Office of the Oregon Attorney General, Salem, Oregon, for Respondent-Appellee.

**OPINION**

WATFORD, Circuit Judge:

Vidal Carrillo-Carrillo is an Oregon state prisoner who filed a petition for a writ of habeas corpus in federal court. The district court dismissed the petition with prejudice after concluding that Carrillo-Carrillo had not fairly presented his claims to the Oregon state courts first, as he was required to do. We disagree with that conclusion. In our view, Carrillo-Carrillo gave the Oregon courts a fair opportunity to rule on his claims, and those claims are now properly before the district court for adjudication on the merits.

I

Carrillo-Carrillo pleaded no contest to one count of racketeering in Oregon state court and was sentenced to 15 years in prison. He did not pursue a direct appeal but, with the assistance of new counsel, he filed a timely petition for post-conviction relief (PCR) in state court. Carrillo-Carrillo asserted that he had been denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments. In support of that claim, he alleged that his trial counsel "failed to provide legal advice and services which met the minimum standards required of a criminal defense attorney." In particular, Carrillo-Carrillo alleged that counsel had unduly pressured him into pleading no contest,

and that as a result he did not enter his plea knowingly and voluntarily.

The PCR court held an evidentiary hearing on Carrillo-Carrillo's claim. At the hearing, Carrillo-Carrillo testified that he felt pressured into accepting the plea because, on the day set for trial, the judge denied his request to postpone the trial so that he could fire his current lawyer and retain new counsel. The prosecution, moreover, had recently filed new charges that threatened to land him in prison for 30 years and deprive him of credit for the seven months he had already served. The trial judge strongly suggested that he would be willing to impose a sentence of just 15 years, but only if Carrillo-Carrillo accepted the prosecution's plea offer before trial commenced.

At the conclusion of the evidentiary hearing, the PCR court rejected Carrillo-Carrillo's ineffective assistance of counsel claim. The court found that Carrillo-Carrillo "probably did feel some pressure" to accept the plea offer, but not due to any deficiency in the representation provided by his trial counsel. The court concluded that Carrillo-Carrillo had not shown deficient performance or prejudice and that his plea had been knowingly and voluntarily made.

Carrillo-Carrillo appealed to the Oregon Court of Appeals. His lawyer filed what is known in Oregon as a *Balfour* brief. In *State v. Balfour*, 814 P.2d 1069, 1078–80 (Or. 1991), the Oregon Supreme Court prescribed the procedures appointed counsel should follow when a criminal defendant seeks to pursue an appeal that counsel believes has no merit. The procedures prescribed in *Balfour* are now codified in Oregon Rule of Appellate Procedure (ORAP) 5.90. We provide a brief summary of those procedures

because they become relevant when assessing the validity of the State's arguments in this appeal.

Under Rule 5.90, counsel must file an opening brief on the defendant's behalf divided into two sections, labeled Section A and Section B. In Section A, counsel must provide basic background information about the case and a statement that counsel has thoroughly reviewed the record but has been unable to identify any meritorious issues for appeal. ORAP 5.90(1)(a). Counsel signs only Section A of the brief. Section B is entirely the defendant's work product. The rule states that Section B "may contain any claim of error that the client wishes to assert," and that "[t]he client shall attempt to state the claim and any argument in support of the claim as nearly as practicable in proper appellate brief form." ORAP 5.90(1)(b)(i).

Oregon Rule of Appellate Procedure 5.45 prescribes the proper appellate brief form for presenting claims of error. The rule provides that "[e]ach assignment of error shall be separately stated under a numbered heading." ORAP 5.45(2). Under that separately numbered heading, the appellant must identify the ruling being challenged, state where in the record the challenge was preserved below, identify the applicable standard of review, and set forth the arguments supporting the claim of error. ORAP 5.45(4)–(6) & App. 5.45, illus. 1. If the brief asserts multiple claims of error, the same information must be set forth under a separately numbered heading for each claim. ORAP 5.45(2).

Carrillo-Carrillo's appellate counsel complied with Rule 5.90. He prepared Section A of the *Balfour* brief, and he included Section B as prepared by Carrillo-Carrillo. However, Carrillo-Carrillo's Section B did not comply with

the formatting requirements of Rule 5.45. Under the heading "Assignment of Errors," Carrillo-Carrillo stated the following:

> Therefore, counsel was ineffective in the following ways
>
> 1) Failed to interview and subpoena alibi witnesses.
>
> 2) Failed to seek and prepare expert witnesses and testimony.
>
> 3) Failed to investigate all prosecution witnesses.
>
> 4) Failed to investigate character witnesses that could have helped to discredit these allegations.
>
> 5) Failed to investigate possible corroborating witnesses.
>
> 6) Failed to obtain evidence in a timely manner.
>
> 7) Failed to go over the case and properly prepare defendant to testify.
>
> 8) Failure to know the law.

Just below that, under the heading "Argument," Carrillo-Carrillo stated: "Appellant sets forth his claims contained in the petition for post-conviction relief and the memorandum

of law that is submitted on the face of the record." He attached a copy of his PCR petition to Section B of the *Balfour* brief.

In its answering brief, the State argued that the lone claim of error asserted under the heading "Assignment of Errors" was an entirely new claim concerning trial counsel's inadequate investigation of the case. Because that claim had not been litigated below, the State argued that it could not provide a basis for reversing the lower court's judgment. The State further argued that Carrillo-Carrillo had waived any other grounds for reversal by not asserting them as separate assignments of error.

The Oregon Court of Appeals affirmed the denial of Carrillo-Carrillo's PCR petition in a summary order stating "affirmed without opinion."

Carrillo-Carrillo petitioned the Oregon Supreme Court for review. The only substantive passage of the petition stated: "Petitioner hereby incorporates by reference into this petition the Section B filed with the Court of Appeals, to present these issues for review by this court and to preserve these issues for federal review." The Oregon Supreme Court summarily denied the petition.

Carrillo-Carrillo then filed a *pro se* petition for habeas corpus relief in federal court, using the pre-printed form supplied by the District Court for the District of Oregon. Under the heading "Grounds for Relief," Carrillo-Carrillo again asserted that he had been denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments. In the space provided for supporting facts, Carrillo-Carrillo alleged three things: (1) trial counsel unduly

pressured him into accepting the no contest plea; (2) his decision to enter the plea and waive his right to a jury trial was not knowingly and voluntarily made; and (3) trial counsel failed to perform the same eight tasks listed under "Assignment of Errors" in Section B of his *Balfour* brief, which Carrillo-Carrillo re-alleged essentially verbatim in his federal habeas petition.

The district court dismissed Carrillo-Carrillo's petition with prejudice. The court construed each of the three "supporting facts" allegations as raising a distinct claim for relief and concluded that none of those claims had been fairly presented to the Oregon state courts. With respect to the first two claims, the district court held that they had been fairly presented to the state PCR court but not to the Oregon Court of Appeals or the Oregon Supreme Court. In the district court's view, Carrillo-Carrillo had "abandoned these claims on appeal." As for the third claim, the district court held that because the allegations concerning trial counsel's failure to investigate the case and prepare for trial did not appear in the PCR petition and were not raised during the evidentiary hearing, Carrillo-Carrillo had failed to present the claim in a posture in which the Oregon appellate courts could decide the merits. These rulings meant that all three of Carrillo-Carrillo's claims were procedurally defaulted, thus precluding federal habeas relief absent a showing of cause and prejudice or a fundamental miscarriage of justice, which Carrillo-Carrillo did not attempt to make. The district court issued a certificate of appealability on the following issue: "whether petitioner's PCR appellate claims are properly before this court for adjudication on the merits."

II

To obtain federal habeas relief, Carrillo-Carrillo must show that he has exhausted the remedies available in state court by fairly presenting his claims to each level of Oregon's court system—the PCR court, the Oregon Court of Appeals, and the Oregon Supreme Court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). He concedes that if he has not already complied with this requirement it is too late to do so now, which would mean his claims are procedurally defaulted. Carrillo-Carrillo's argument for reversal is that he *did* fairly present his claims to the Oregon state courts and that the district court erred in concluding otherwise. We think Carrillo-Carrillo is right.

No one disputes that Carrillo-Carrillo fairly presented to the state PCR court his first two claims—that trial counsel rendered ineffective assistance by unduly pressuring him into accepting the no contest plea, and that his decision to enter the plea and waive his right to a jury trial was not knowingly and voluntarily made. The main question is whether Carrillo-Carrillo fairly presented those claims to Oregon's appellate courts. In our view the answer is yes, given the Oregon Supreme Court's decision in *Farmer v. Baldwin*, 205 P.3d 871 (Or. 2009), and our subsequent decision in the same case, *Farmer v. Baldwin*, 563 F.3d 1042 (9th Cir. 2009).

In *Farmer*, as here, a petitioner seeking federal habeas relief presented his claims to the Oregon Court of Appeals in a *Balfour* brief. The petitioner's counsel prepared Section A of the brief, but instead of drafting his own Section B, the petitioner simply attached a copy of the PCR petition he had filed in the lower court. By way of explanation, his attorney stated in Section A: "Petitioner has decided to attach a copy

of his post conviction petition, in the hopes of at least preserving all the issues presented therein." *Farmer*, 205 P.3d at 873. The *Balfour* brief contained no Section B at all. In the Oregon Supreme Court, the petitioner's petition for review did nothing more than incorporate by reference his PCR petition and the *Balfour* brief he had filed in the Court of Appeals. The petitioner did not attach a copy of either document to the petition for review. *Id.*

Faced with that record, our court was uncertain whether the petitioner had fairly presented his claims to the Oregon Supreme Court. We certified to the Oregon Supreme Court the question whether the petitioner had properly raised his claims before that court. 563 F.3d at 1043–44. The Oregon Supreme Court answered our question in the affirmative: "Under ORAP 5.90, a petitioner may present a question of law to this court by means of an attachment to a *Balfour* brief filed in the Court of Appeals, when the attachment serves as section B of said brief, and the petitioner incorporates that same brief by reference into his petition for review." *Farmer*, 205 P.3d at 878. Upon receiving that answer, we held that the petitioner had fairly presented his claims to the Oregon Supreme Court. We reversed the district court's dismissal of the petitioner's federal habeas petition and remanded for consideration of his claims on the merits. 563 F.3d at 1044.

The *Farmer* decisions compel us to reverse the district court's judgment in this case as well. First, the Oregon Supreme Court held that a petitioner can properly present his claims to the Court of Appeals by attaching a copy of his PCR petition to the *Balfour* brief, even if the brief does not include Section B. Carrillo-Carrillo did more than that here. He not only attached a copy of his PCR petition to the *Balfour* brief, he also submitted Section B, where he

expressly incorporated his PCR petition by reference. So both claims raised in the PCR petition were properly presented to the Oregon Court of Appeals. Second, Carrillo-Carrillo properly presented his claims to the Oregon Supreme Court by filing a petition for review that incorporated by reference Section B of his *Balfour* brief. We know this presentation was sufficient because the petitioner in *Farmer* did the same thing. Finally, our decision in *Farmer* establishes that, by taking these actions, Carrillo-Carrillo satisfied the fair presentation requirement for purposes of exhausting the remedies available in state court.

The State's primary contention is that this case differs from *Farmer* because, unlike the petitioner in *Farmer*, Carrillo-Carrillo actually filed Section B of the *Balfour* brief. According to the State, because Carrillo-Carrillo filed Section B, he properly raised on appeal only the claim included under the heading "Assignment of Errors," even though he elsewhere incorporated by reference his entire PCR petition. We do not agree. The State may be right that, as a technical matter, Carrillo-Carrillo failed to comply with Rule 5.45's requirement that "[e]ach assignment of error shall be separately stated under a numbered heading." ORAP 5.45(2). But the Oregon Supreme Court held in *Farmer* that *pro se* litigants are entitled to leeway on matters of form when filing Section B of a *Balfour* brief. The court stressed that Rule 5.90 "does not require exact compliance with the forms and rules of appellate briefing that lawyers observe; rather, it requires that a litigant attempt to present his or her claims in proper appellate brief form, as nearly as practicable." *Farmer*, 205 P.3d at 877. Carrillo-Carrillo attempted to present his claims in proper form by filing Section B and expressly incorporating his PCR petition by reference under the heading "Argument." That he may have done this under

the wrong heading is surely a less serious error than the one found excusable in *Farmer*, where the petitioner did not bother to file Section B of the brief at all.

Because we hold that Carrillo-Carrillo fairly presented his first two claims to the Oregon appellate courts, we presume that those courts denied relief on the merits. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011); *Smith v. Oregon Board of Parole and Post-Prison Supervision*, 736 F.3d 857, 860–62 (9th Cir. 2013). Both the Oregon Court of Appeals and the Oregon Supreme Court summarily rejected Carrillo-Carrillo's claims without explanation. So, to determine the basis for those decisions, we must look to the last reasoned state court decision, which here was the decision of the state PCR court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991). That court rejected Carrillo-Carrillo's claims solely on the merits, and nothing in the record suggests that the Oregon appellate courts rested their decisions on a different ground.

That leaves us with what the district court regarded as Carrillo-Carrillo's third claim for relief—the set of allegations concerning trial counsel's failure to investigate the case and adequately prepare for trial. The State argues that Carrillo-Carrillo did not fairly present this "claim" to the state PCR court because he made the allegations concerning trial counsel's lack of investigation and preparation for the first time in his *Balfour* brief. While that is true, we do not view these allegations as stating a separate and distinct claim for relief. They appear designed instead to flesh out *why* Carrillo-Carrillo contends he felt pressured into accepting the no contest plea. He alleges that he had no choice but to accept the plea in part because his lawyer had not adequately prepared for trial and the judge had denied his day-of-trial request for a postponement so that he could retain new

counsel.    Carrillo-Carillo's allegations concerning trial counsel's inadequate investigation and preparation are best construed as an attempt to buttress his first claim for relief—that counsel rendered ineffective assistance by unduly pressuring him into accepting the no contest plea.

*          *          *

We reverse the district court's judgment dismissing Carrillo-Carillo's federal habeas petition.  Carrillo-Carillo fairly presented to the Oregon courts his claims that trial counsel rendered ineffective assistance by unduly pressuring him into accepting the no contest plea, and that his decision to enter the plea and waive his right to a jury trial was not knowingly and voluntarily made.

**REVERSED AND REMANDED.**