**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SMITH, *Petitioner-Appellant*, <br><br> v. <br><br> OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION, Superintendent, *Respondent-Appellee*. | No. 11-35338 <br><br> D.C. No. 3:09-cv-01020-MO <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted
May 10, 2013—Portland, Oregon

Filed November 26, 2013

Before: Alex Kozinski, Chief Judge, and Marsha S. Berzon
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz;
Dissent by Chief Judge Kozinski

## SUMMARY[*]

### Habeas Corpus

The panel vacated the district court's dismissal of a 28 U.S.C. § 2254 habeas corpus petition, holding that petitioner's claim was not procedurally defaulted.

Petitioner challenged certain trial testimony on hearsay grounds, but did not raise a Confrontation Clause objection until his direct appeal. The state appellate court summarily affirmed the conviction, and the supreme court affirmed. The panel held that, under *Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008), it was plausible to construe the state appellate court's ambiguous response as acting on the merits of petitioner's Confrontation Clause claim.

Chief Judge Kozinski dissented. He would affirm the district court's denial of habeas relief on the ground that petitioner's Confrontation Clause claim is procedurally defaulted and petitioner has failed to show cause and prejudice to excuse the default.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Anthony D. Bornstein (argued), Assistant Federal Public Defender, Portland, Oregon, for Petitioner-Appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells (argued), Senior Assistant Attorney General, Salem, Oregon, for Respondent-Appellee.

**OPINION**

HURWITZ, Circuit Judge:

The central issue before us is whether Smith, an Oregon state prisoner, procedurally defaulted a federal habeas claim. In *Harris v. Reed*, the Supreme Court instructed that "a procedural default does not bar consideration of a federal claim . . . unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar."  489 U.S. 255, 263 (1989) (internal quotation omitted).  Applying *Harris* and its Ninth Circuit progeny, we hold that Smith did not default his claim and vacate the district court's dismissal of his habeas petition.

**I.**

**A.**

While on patrol, Officer Jason Coyle received a report of an altercation.  He responded and took statements from two witnesses at the scene, Colin Fisher and Keir Mellor. Mellor's statement inculpated Michael Smith, who was

charged with first- and second-degree kidnapping, third-degree robbery, and second-degree assault. The case was tried to a judge in a one-day trial.

Fisher did not testify at trial. Mellor was scheduled to testify but did not appear on the morning of trial. The judge recessed the proceedings for several hours to allow the state to locate her. When the trial reconvened, the state explained that it was unable to secure Mellor's presence and argued that she was unavailable. The state then sought to admit her statement to Coyle under three hearsay exceptions in Oregon's Evidence Code (OEC): excited utterance (OEC 803(2)), statement of emotional or physical condition (OEC 803(3)), and statement of domestic violence (OEC 803(26)). Smith objected to the admission of the statements on hearsay grounds, but did not raise a Confrontation Clause objection. The judge admitted the statements without identifying the applicable hearsay exception.

Coyle then recounted statements by Mellor that: (1) she and Fisher entered Smith's residence when he was not home; (2) when Smith arrived, he punched, kicked, and hit Fisher with a hand dolly; and (3) Smith took her keys and phone when he left. The judge found Smith guilty of third-degree robbery and second-degree assault.

## B.

Smith's direct appeal raised a Confrontation Clause challenge to the introduction of the Mellor statements, relying on *Crawford v. Washington*, 541 U.S. 36 (2004), which was decided after the trial. The Oregon Court of Appeals summarily affirmed the convictions, stating: "We reject without discussion defendant's arguments regarding his

convictions." *State v. Smith*, 129 P.3d 208, 208 (Or. Ct. App. 2006) (per curiam). However, the court vacated Smith's sentences and remanded for resentencing, finding that the trial judge had improperly imposed an upward departure. *Id.* at 208-09. The Oregon Supreme Court denied review. *State v. Smith*, 135 P.3d 319 (Or. 2006). After the state filed a motion for reconsideration, the Court of Appeals reinstated the original sentences in a one-sentence opinion: "Motion for relief from default granted; reconsideration allowed; former disposition withdrawn; affirmed." *State v. Smith*, 140 P.3d 1196, 1196 (Or. Ct. App. 2006) (per curiam). The Oregon Supreme Court again denied review. *State v. Smith*, 155 P.3d 52 (Or. 2007).

## C.

Smith's federal habeas petition asserted that the admission of Mellor's out-of-court statements violated the Sixth Amendment's Confrontation Clause. The district court found the Confrontation Clause claim procedurally defaulted because Smith's hearsay objection at trial did not preserve the claim. The court also found that the cursory rejection of Smith's appeal by the Oregon Court of Appeals did not preserve the constitutional issue for habeas review, because the state court did not make a written finding of plain error.

Smith argued that the contemporaneous objection rule should not apply because *Crawford* was decided after his trial. The district court rejected that argument, finding Smith's trial counsel could at least have made a Confrontation Clause challenge under the then-controlling precedent, *Ohio v. Roberts*, 448 U.S. 56 (1980). The district court also found *Crawford* not sufficiently novel to excuse

the absence of a contemporaneous Confrontation Clause challenge.

## II.

The appellee Oregon Board of Parole and Post-Prison Supervision (the "state" or "Oregon") argues that because the Oregon Court of Appeals did not expressly indicate that it was engaging in discretionary plain error review, the court's opinion cannot be construed to have reached the Confrontation Clause claim. Oregon argues that we therefore must affirm the district court, because we only "construe an ambiguous state court response as acting on the merits of a claim, if such a construction is plausible." *Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008). We review de novo the district court's conclusion that the state court decision could not plausibly be read as acting on the merits. *Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir. 2004).

## A.

In Oregon, an argument concerning the introduction of evidence is generally barred on appeal if not preserved by a contemporaneous objection at trial. Or. R. App. P. 5.45(1). Under Oregon's plain error doctrine, however, an appellate court may address a defaulted argument if the trial court committed error apparent on the face of the record. *State v. Ramirez*, 173 P.3d 817, 821 (Or. 2007). Even if the appellate court finds plain error, it must decide whether to exercise its discretion to consider that error. *Id.* If the appellate court reaches the issue, it must "articulate its reasons for doing so." *State v. Fults*, 173 P.3d 822, 826 (Or. 2007) (en banc) (internal quotation omitted).

In *Chambers*, we held that "unless a court expressly (not implicitly) states that it is relying upon a procedural bar, we must construe an ambiguous state court response as acting on the merits of a claim, if such a construction is plausible." 549 F.3d at 1197. There is no warrant to depart from the *Chambers* rule here.[1] Although an Oregon court may be required under state law to detail its reasons for exercising its discretion to treat an objection not raised at trial, the Oregon Court of Appeals might have declined to exercise that discretion in Smith's case *either* because of the lack of a contemporaneous objection *or* because it concluded that the trial court had not committed plain error.

Indeed, the cursory rejection of Smith's appeal makes it quite plausible that the Oregon Court of Appeals reached the merits of his Sixth Amendment claim. The court treated Smith's unpreserved Confrontation Clause claim in precisely the same manner as his plainly preserved state hearsay claim. Smith's brief to that court raised only the Confrontation Clause and hearsay issues with respect to his convictions, and the Court of Appeals rejected both identically–"without discussion." *Smith*, 129 P.3d at 208. Because the Court of Appeals thus rejected the state hearsay claims on the merits, its failure to treat the federal constitutional argument separately requires that under *Chambers*, we presume that the

---

[1] The dissent contends that we "over-read[]" *Chambers*. Dissent at 12. To the contrary, it is our colleague who incorrectly reads *Chambers* as departing from Ninth Circuit precedent. In *Chambers*, we construed an ambiguous Nevada Supreme Court order denying a habeas petition as a decision on the merits. 549 F.3d at 1198–99. In so doing, the panel expressly cited and applied the settled rule first announced in *Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc), that "we must construe an ambiguous state court response as acting on the merits of a claim." *Chambers*, 549 F.3d at 1197. We again apply that rule today.

federal claim was also rejected on the merits. *See Johnson v. Williams*, ___ U.S. ___, 133 S. Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted.").

The dissent's suggestion that we today depart from the teaching of *Coleman v. Thompson*, 501 U.S. 722, 736 (1991), is misplaced. *Coleman* held that the *Harris* presumption did not apply when the Virginia Supreme Court *dismissed* an appeal in direct response to a state motion contending that it had been untimely filed. *Id*. at 740. That dismissal expressly indicated that the state court had not treated any federal constitutional issues. *Id*. ("The Virginia Supreme Court stated plainly that it was granting the Commonwealth's motion to dismiss the petition for appeal. That motion was based solely on Coleman's failure to meet the Supreme Court's time requirements."). Here, in contrast, the Oregon Court of Appeals affirmed the denial of post-conviction relief without intimating that its disposition rested on state procedural grounds.

## B.

Citing *Nitschke v. Belleque*, 680 F.3d 1105, 1111 (9th Cir. 2012), Oregon argues that in conducting a plain error analysis, a state court would simply have determined whether federal law was clear at the time of Smith's trial, and would not have independently evaluated the merits of Smith's *Crawford* claim. But, in *Nitschke* the Oregon court expressly cited a previous Oregon opinion holding that an unpreserved federal constitutional claim did not qualify for plain error

review. *State v. Nitschke*, 33 P.3d 1027, 1027 (Or. Ct. App. 2001) (per curiam) (citing *State v. Crain*, 33 P.3d 1050 (Or. Ct. App. 2001)). We relied on that citation in determining that the state court acted on procedural grounds. *Nitschke*, 680 F.3d at 1112.

In contrast, the Oregon Court of Appeals here rejected Smith's claim without any discussion or citation. It is precisely this lack of clarity that invokes the settled *Chambers* rule: "where the [state court] includes no citation and simply states that the petition is denied, that absence of a citation coupled with the cursory statement denying the petition satisfies the exhaustion requirement." 549 F.3d at 1197–98.

## C.

Finally, Oregon argues that the *Chambers* rule should not apply because its appellate courts reach the merits of unpreserved claims only in rare instances. That statement, of course, could be made about virtually all state appellate courts; elsewise, the universal contemporaneous objection rule would be of little consequence. Accepting the state's argument would effectively render *Harris* to the dustbin, as every other state surely could also claim that treatment of unpreserved constitutional issues on direct appeal is the infrequent exception, rather than the rule. We are not free to disregard the clear guidance of the Supreme Court, let alone vitiate its opinion in *Harris*, and reject this gambit.

## III.

For the reasons above, we **VACATE** the district court's dismissal of the Petitioner's habeas petition and **REMAND** for further proceedings consistent with this opinion.**[2]**

Each party is to bear its own costs.

---

Chief Judge KOZINSKI, dissenting:

The Oregon Court of Appeals affirmed Smith's conviction in a one-sentence order. The majority deploys a presumption that such a summary disposition constitutes a decision on the merits of Smith's federal claim unless the state court "clearly and expressly states that its judgment rests on a state procedural bar." Maj. op. at 3 (quoting *Harris* v. *Reed*, 489 U.S. 255, 263 (1989)). But this presumption applies only when the state court's ruling fairly appears to rest primarily on the resolution of federal claims, or to be interwoven with such claims, neither of which is the case here. We are therefore bound to conclude that the state court decided the case on state-law grounds, precluding federal relief.

---

**[2]** Because we hold that Smith's federal habeas claim was not procedurally defaulted, unlike our dissenting colleague, we do not address whether there is cause and prejudice to excuse a default. *See* Dissent at 17–20.

## I

Before seeking relief from a state conviction in federal court, a prisoner must exhaust all available state remedies. 28 U.S.C. § 2254(b)(1).  If the state court denies relief on an adequate and independent state ground, such as noncompliance with a state procedural rule, the federal claim is procedurally defaulted and a federal court cannot grant relief unless petitioner shows cause for the default and prejudice resulting from the alleged constitutional violation. *Wainwright* v. *Sykes*, 433 U.S. 72, 90–91 (1977).

To determine whether a conviction rests on an adequate and independent state ground, we look to the last reasoned decision of the state courts.  *Ylst* v. *Nunnemaker*, 501 U.S. 797, 803 (1991).  Here there is *no* reasoned decision:  The trial court made no decision because petitioner didn't object on Confrontation Clause grounds, and the court of appeals issued only summary affirmances.  The question is, what must we infer about the basis for the state court's decision when it mentions no law at all, state or federal?

## A

Under Oregon's contemporaneous objection rule, Smith was required to raise his Confrontation Clause claim at trial in order to preserve it for appeal. Or. R. App. P. 5.45(1).  His failure to do so provides an adequate and independent state ground on which the Oregon Court of Appeals could have affirmed his conviction.  But Oregon appellate courts have discretion to consider a defaulted claim if (1) the trial court committed an error of law, (2) that is obvious, and (3) on the record, if (4) doing so is justified.  *Ailes* v. *Portland Meadows, Inc.*, 823 P.2d 956, 959 (Or. 1991).  To add a

further layer of complexity, a court's decision to engage in plain-error review doesn't necessarily mean that its affirmance rests on resolution of the federal claim. This is because the second prong of the plain-error analysis—the determination that an error of law is *obvious*—is itself a question of state law, reliance on which precludes federal review. *See Nitschke* v. *Belleque*, 680 F.3d 1105, 1112 (9th Cir. 2012).

Although an Oregon court must articulate its reasoning when it overturns a trial court decision on plain-error review, it's not required to do so if it considers the four prongs and finds one of them unsatisfied. *Ailes*, 823 P.2d at 959. In such circumstances, we can't tell whether the state court rejected the claim for failure to comply with an adequate and independent state rule (a state-law ruling), based on an assessment of the merits (a federal-law ruling) or because it found one or more of the four plain-error prongs unsatisfied (either a state or federal-law ruling). This is the situation Smith finds himself in.

**B**

The majority cites *Harris* and *Chambers* v. *McDaniel*, 549 F.3d 1191 (9th Cir. 2008), for the proposition that a state court's decision is presumed to rest on federal grounds unless that court expressly states that it's relying on a state procedural bar. But this over-reads *Harris* and *Chambers*, and contradicts the letter and logic of our precedent.

Harris presented an ineffective assistance of counsel claim in a state petition for postconviction relief. The state court observed that the claim was not properly before it because Harris had failed to raise it on direct appeal, but

proceeded to evaluate the merits of the claim and rejected it. *Harris*, 489 U.S. at 258. The Supreme Court held that "*if it fairly appears that the state court rested its decision primarily on federal law*, this Court may reach the federal question on review unless the state court's opinion contains a plain statement that [its] decision rests upon adequate and independent state grounds." *Id*. at 261 (quotation marks omitted) (emphasis added). In cases like *Harris*, where the state court discusses both federal and state law, "[r]equiring a state court to be explicit in its reliance on a procedural default does not interfere unduly with state judicial decisionmaking." *Id*. at 264.

*Harris* didn't focus much on whether the state court's opinion appeared to rest primarily on federal law. Because the state court discussed the merits of Harris's federal claim extensively, even though it acknowledged that the claim was procedurally defaulted, nobody doubted its reliance on federal-law grounds. What, after all, would be the point of discussing federal law if the default was dispositive?

But the Supreme Court underscored the importance of this antecedent question two years later in *Coleman v. Thompson*, 501 U.S. 722 (1991). Coleman sought state postconviction relief on numerous federal grounds. After briefing on the merits, the Virginia Supreme Court issued a summary disposition granting the state's motion to dismiss. *Id*. at 727–28. On habeas review, the Supreme Court rejected petitioner's argument that it should apply the *Harris* presumption in all cases where federal claims are presented to the state court. *Id*. at 736. Instead, the Court held that the presumption applies only where the state court's disposition "fairly appeared to rest primarily on resolution of those [federal] claims, or to be interwoven with those claims." *Id*.

at 735. The state court in *Coleman*, unlike that in *Harris*, didn't discuss either federal or state-law claims. The Supreme Court held that it would be too intrusive to require the state court to clearly state its reliance on state law in such circumstances: "[W]e will not impose on state courts the responsibility for using particular language in every case in which a state prisoner presents a federal claim." *Id*. at 739.

The only rule we can reasonably derive from these two cases is that when a state court discusses both federal and state grounds in an opinion, either of which would independently dispose of the case, a federal court should presume that the court relied on the federal ground. In such situations, the state court has already analyzed the merits of the federal claim, and it would be no great imposition to require it to tell us if it considered some other ground dispositive. But when the state court discusses the merits of neither federal nor state-law claims, as in *Coleman*, applying such a presumption as a matter of course trenches on the state judicial process.

As the Supreme Court observed in an analogous context, "requiring a statement of reasons could undercut state practices designed to preserve the integrity of the case-law tradition. The issuance of summary dispositions in many collateral attack cases can enable a state judiciary to concentrate its resources on the cases where opinions are most needed." *Harrington* v. *Richter*, 131 S. Ct. 770, 784 (2011).

Our own cases, including *Chambers*, reflect this approach. Although the state court in *Chambers* issued a cursory one-sentence opinion affirming petitioner's conviction, we were careful to note that "the Nevada Supreme

Court did not deny without comment or opinion." *Chambers*, 549 F.3d at 1196.  Instead, the state court's opinion stated that it "considered" all materials filed by the parties and "concluded" that intervention wasn't appropriate.    *Id*. Because the filed materials disclosed that petitioner had presented federal claims to the state court, we concluded that the state court "did more than issue a postcard denial," and instead specifically evaluated and issued a judgment on the federal claims.  *Id*. at 1198.  This didn't announce a rule that all summary adjudications are presumed to rest on federal grounds unless the state court expressly states to the contrary, as the majority claims.  Rather, it stands for the more limited proposition that a federal court may look to the wording and context of a state court's cursory adjudication to determine whether it fairly appears to rest on the resolution of federal claims.

## C

There is nothing in Smith's case supporting an inference that the state court resolved the federal claim.  The Oregon Court of Appeals had two opportunities to consider Smith's Confrontation Clause claim.  The first time, it remanded for resentencing after briefly affirming his conviction:  "We reject without discussion defendant's arguments regarding his convictions."  *State* v. *Smith*, 129 P.3d 208, 208 (Or. Ct. App. 2006) (per curiam).  The state moved for reconsideration of the sentencing ruling, which the court granted in one terse sentence:   "Motion for relief from default granted; reconsideration allowed; former disposition withdrawn; affirmed."  *State* v. *Smith*, 140 P.3d 1196, 1196 (Or. Ct. App. 2006) (per curiam).

Neither of these dispositions remotely suggests that it rested on, or was interwoven with, Confrontation Clause grounds. The state court made no mention of state or federal claims and, unlike the state court in *Chambers*, the court here used no language permitting a plausible inference that it relied on federal rather than state grounds.

The majority infers that the state court resolved the merits of Smith's Confrontation Clause claim because it rejected his hearsay claim in the same disposition, and *that* claim must have been rejected on the merits, having clearly been preserved. But Smith's hearsay claims presented no issue of federal law. That the state court rejected Smith's hearsay claim based on *state* law tells us nothing about whether it relied on *federal* law in rejecting his Confrontation Clause claim. There's no reason to doubt that the state court resolved both claims on state-law grounds.

Drawing such a strained inference is particularly dubious when there's no reason to believe that the Oregon courts normally decide such matters on federal grounds. Ordinary state practice might not be relevant where the *Harris* presumption applies, but there's no presumption when the state court's disposition doesn't fairly appear to rest on a federal ground. When, as here, the state court gives no indication of what grounds it's relying on, the fact that it seldom engages in plain-error review counsels against inferring that it did so.

The Supreme Court of Oregon has held that "[i]t is only in rare and exceptional cases that this court will notice an alleged error [on plain-error review] where no ruling has been sought from the trial judge." *State* v. *Gornick*, 130 P.3d 780, 783 (Or. 2006). And, even when a court does engage in

plain-error analysis, that doesn't necessarily mean that it reached the federal grounds because the obviousness prong of the inquiry is a matter of state law. *Nitschke*, 680 F.3d at 1111–12.

## II

Procedural default doesn't always bar habeas relief. The state procedural rule must be adequate and independent; and, even where it is, habeas review may still be available if petitioner can show cause and prejudice. *Bennett* v. *Mueller*, 322 F.3d 573, 580 (9th Cir. 2003). None of this helps Smith.

## A

Smith concedes that Oregon's contemporaneous objection rule is independent of federal law, but claims that it provides an inadequate basis on which to deny relief. As a general matter, a state procedural rule is adequate "if it was 'firmly established and regularly followed' at the time it was applied by the state court." *Poland* v. *Stewart*, 169 F.3d 573, 577 (9th Cir. 1998) (quoting *Ford* v. *Georgia*, 498 U.S. 411, 424 (1991)). Although Oregon courts can engage in discretionary plain-error review, "judicial discretion may be applied consistently when it entails 'the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits.'" *Wood* v. *Hall*, 130 F.3d 373, 377 (9th Cir. 1997) (quoting *Morales* v. *Calderon*, 85 F.3d 1387, 1392 (9th Cir. 1996)).

Smith doesn't dispute that Oregon's contemporaneous objection rule satisfies this test. Nevertheless, he claims the rule is still inadequate because of a change in Confrontation Clause jurisprudence following his conviction. At the time of

Smith's trial, *Ohio* v. *Roberts* held that out-of-court statements could be introduced at trial if the declarant is unavailable and the statements bear adequate indicia of reliability. 448 U.S. 56, 66 (1980). *Crawford* v. *Washington*, which was decided while Smith's direct appeal was pending, overruled *Roberts* and held that the Confrontation Clause precludes the introduction of out-of-court statements unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine him. 541 U.S. 36, 59 (2004).

Smith argues that *Crawford* effected a change in law that he "could not have reasonably foreseen," rendering application of Oregon's contemporaneous objection rule inadequate as applied to his case. But this goes to *cause* for the default, *see infra* Part II.B, not *adequacy* of the defaulted state rule. *See Reed* v. *Ross*, 468 U.S. 1, 13 n.9 (1984) (collecting cases evaluating the failure to make novel legal claims under the cause-and-prejudice framework). Adequacy focuses on the mine run of cases, not on particular defects in individual applications. *See Lee* v. *Kemna*, 534 U.S. 362, 376 (2002).

Nor is this one of those "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Id*. For example, the petitioner in *Lee* orally requested a continuance of his murder trial after subpoenaed alibi witnesses failed to appear, but the trial court denied the motion due to scheduling conflicts. Two and a half years later, when the case was on direct review, the state for the first time invoked a rule requiring that motions for a continuance be submitted in writing along with an affidavit. *Id*. at 372, 380. The appellate court relied on this rule in denying petitioner relief. The Supreme Court found this

inadequate, citing "'the general principle that an objection which is ample and timely to bring the alleged federal error to the attention of the trial court and enable it to take appropriate corrective action is sufficient to serve legitimate state interests, and therefore sufficient to preserve the claim for review here.'" *Id.* at 378 (quoting *Osborne* v. *Ohio*, 495 U.S. 103, 124–25 (1990) (finding a contemporaneous objection rule inadequate to bar habeas review because the defense "pressed the issue [in an earlier motion to dismiss] . . . [and] nothing would be gained by requiring Osborne's lawyer to object a second time, specifically to the jury instruction.")). There is no unfairness, irregularity or injustice in a state appellate court's insistence that a defendant first present an objection to the trial judge, who might well have corrected the error, had it been brought to his attention.

The alleged unforeseeability of the Supreme Court's decision in *Crawford* is insufficient to bring Oregon's contemporaneous objection rule within "the small category of cases in which asserted state grounds are inadequate to block adjudication of a federal claim." *Id.* at 381. Rather, this contention must be considered under the cause-and-prejudice rubric.

## B

The Supreme Court has held that a petitioner can show cause for a procedural default "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed*, 468 U.S. at 16. But "[w]here the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged

unawareness of the objection as cause for a procedural default." *Engle* v. *Isaac*, 456 U.S. 107, 134 (1982).

The Supreme Court granted certiorari in *Crawford* three weeks prior to Smith's trial, certifying the question as whether it should "reevaluate [the] Confrontation Clause framework established in [*Roberts*] and hold that the Clause unequivocally prohibits the admission of out-of-court statements insofar as they are contained in 'testimonial materials.'" Given this timing, we cannot "assume that [counsel was] sufficiently unaware of the question's latent existence that we cannot attribute to him strategic motives of any sort." *Reed*, 468 U.S. at 15. And when the Supreme Court has already announced its intention to consider an issue, it is no longer the case that "[r]aising such a claim in state court . . . would not promote either the fairness or the efficiency of the state criminal justice system." *Id*.

Moreover, Smith could have objected under *Roberts*. While *Crawford* is likely more favorable to Smith, a key indicium of reliability under *Roberts* was whether the challenged evidence fell within a firmly rooted hearsay exception. *Roberts*, 448 U.S. at 66. Smith *did* challenge the testimony on hearsay grounds, raising a claim that tracks closely the Confrontation Clause claim he could have made under *Roberts*. Counsel's failure to make a Confrontation Clause objection was either an oversight or a tactical decision not to pursue what counsel judged to be a weak claim. Whatever the reason, the fact remains that counsel *could* have raised a Confrontation Clause claim, and so his failure to do so provides no cause for Smith's procedural default. Any prejudice he suffered is thus immaterial. *Engle*, 456 U.S. at 134 n.43.

**III**

 I would affirm the district court's denial of petitioner's habeas petition on the ground that his Confrontation Clause claim is procedurally defaulted and he has failed to show cause and prejudice to excuse this default.