Submitted on record and briefs October 5, sentences vacated; remanded for resentencing; otherwise affirmed November 7, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM EDWARD SHELTERS,
*Defendant-Appellant.*

Lane County Circuit Court
109400408; A130463

171 P3d 941

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

### PER CURIAM

■ Defendant was convicted of one count of first-degree sodomy, ORS 163.405, and one count of second-degree sodomy, ORS 163.395, based on crimes committed between 1987 and 1989. In 1994, the trial court imposed dangerous offender sentences on both convictions pursuant to ORS 161.725 to 161.737. This case is currently on direct appeal because that remedy was ordered in a collateral proceeding. On appeal, defendant asserts that the sentencing court erred in imposing dangerous offender sentences based upon judicial factfinding, in violation of his rights under the Sixth Amendment to the United States Constitution. *See Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004); *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). We agree. *State v. Warren*, 195 Or App 656, 98 P3d 1129 (2004), *rev den*, 340 Or 201 (2006) (dangerous offender sentencing based upon judicial factfinding violates Sixth Amendment).

■ Although the issue is unpreserved, defendant contends that it is error apparent on the face of the record and that this court should exercise its discretion to review it. *See generally State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adhered to on recons,* 207 Or App 1, 139 P3d 981 (2006), *rev allowed*, 342 Or 256 (2007) (correcting similar unpreserved error); *State v. Jury*, 185 Or App 132, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (whether error is apparent is determined by reference to the law as of the time the appeal is decided).

Although the state maintains that *Ramirez* was decided incorrectly, it acknowledges that this case is controlled by *Ramirez*. For the reason set forth in *Ramirez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.