Submitted on remand from the Oregon Supreme Court October 29, 2008,
remanded for resentencing; otherwise affirmed January 7, 2009

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### WILLIAM EDWARD SHELTERS,
*Defendant-Appellant.*

### Lane County Circuit Court
### 109400408; A130463

200 P3d 598

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Shelters*, 216 Or App 175, 171 P3d 941 (2007) (*Shelters I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Shelters*, 345 Or 316, 195 P3d 63 (2008). In *Shelters I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed dangerous offender enhancements on the basis of its own factfinding. That factfinding enterprise constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that we properly exercised our discretion in *Shelters I* and, accordingly, we again remand for resentencing.

Defendant was convicted by a jury of two counts of first-degree sodomy and one count of second-degree sodomy, committed against a minor child over a period of years in the late 1980s. At sentencing, the trial court heard testimony from Dr. Suckow, who had conducted a dangerous offender evaluation of defendant, and another witness, who claimed that defendant had also sexually abused him when the witness was a minor. With respect to the first-degree sodomy charges (Counts 1 and 2), the trial court concluded:

> "[D]efendant is being sentenced for a class 'A' felony and is suffering from a severe personality disorder indicating a propensity toward crimes that seriously endanger the safety of others, and further finds that because the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public; and
>
> "The Court finds that the crimes set forth in Counts 1, 2, and 3 are all separate transactions and occurrences not arising from the same uninterrupted course of conduct[.]"

The trial court then imposed a 30-year dangerous offender sentence on Count 1, with a 15-year mandatory minimum prison term, and a 30-year dangerous offender sentence on

Count 2, with a 15-year mandatory minimum prison term, to be served consecutively to the sentence on Count 1. ORS 161.725(1)(a); ORS 144.110. The trial court also imposed a 10-year sentence on Count 3, the second-degree sodomy conviction, and imposed that sentence to run consecutively to the sentences on Counts 1 and 2. ORS 137.123(2).

■ In *State v. Warren*, 195 Or App 656, 667-68, 98 P3d 1129 (2004), *rev den*, 340 Or 201 (2006), we held that judicially imposed dangerous offender sentences in excess of the prescribed statutory maximum sentence that otherwise would apply run afoul of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because such enhanced sentences are based on judicial findings of fact rather than on facts found by the jury or admitted by the defendant.[1] Under the circumstances of this case, the court erred in imposing the challenged sentences, and the error is plain. In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under similar circumstances to the imposition of the dangerous offender sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted "plain error." Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion; however, we decline to do so.

---

[1] ORS 161.725 provides, in part:

"(1) Subject to the provisions of ORS 161.737, the maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and one or more of the following grounds exist:

"(a) The defendant is being sentenced for a Class A felony and the defendant is suffering from a severe personality disorder indicating a propensity toward crimes that seriously endanger the life or safety of another."

■     The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have imposed a dangerous offender sentence if it had been presented with that choice. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We disagree.

The trial court sentenced defendant as a "dangerous offender" on the basis of its finding that defendant was "suffering from a severe personality disorder indicating a propensity toward crimes that seriously endanger the safety of others" and that, by virtue of that condition, an extended period of incarceration was warranted. The determination of an offender's "dangerousness" is inherently qualitative. Rather than being a sentencing fact capable of conclusive establishment by facts adduced at trial, such as a victim's permanent injury or the presence of multiple victims, a dangerous offender sentence rests on the factfinder's synthesis of the characteristics of the offender *and* the determination that those characteristics warrant an extended period of incarceration. Unlike the sentencing fact at issue in *Ramirez*—the victim's loss of an eye constituting a permanent injury—we cannot conclude here that there is "no legitimate debate" that a jury would have found defendant to be a "dangerous offender." *See id.* at 513-14. Accordingly, we exercise our discretion to reach the trial court's error in imposing dangerous offender sentences on Counts 1 and 2. Because that error requires us to remand the entire case for resentencing; *see* ORS 138.222(5), we need not address defendant's supplemental assignment of error in which he challenges the imposition of consecutive sentences.

Remanded for resentencing; otherwise affirmed.