**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL ERIC NITSCHKE,
            *Petitioner-Appellant,*

v.

BRIAN BELLEQUE,
            *Respondent-Appellee.*

No. 10-36121

D.C. No.
1:07-cv-01734-CL

OPINION

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted
November 18, 2011—Portland, Oregon

Filed May 24, 2012

Before: Raymond C. Fisher, Richard A. Paez, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Paez

## COUNSEL

Robert Hamilton, Pacific Northwest Law LLP, Portland, Oregon, for petitioner-appellant Michael Eric Nitschke.

John R. Kroger, Attorney General; Mary H. Williams, Solicitor General; Erin G. Lagesen, Assistant Attorney General (argued), Oregon Department of Justice, Salem, Oregon, for respondent-appellee Brian Belleque.

## OPINION

PAEZ, Circuit Judge:

In this appeal from the denial of habeas relief, we address whether Petitioner Michael Nitschke's *Apprendi* claim is procedurally defaulted under Oregon's preservation rule. *See* Or. R. App. P. 5.45(1).[1] Nitschke failed to raise at the state trial court level the *Apprendi* claim that forms the basis of his challenge to his enhanced sentence under Oregon's "dangerous offender" law. Although Nitschke raised the issue in his appeal to the Oregon Court of Appeals, that court declined to consider the merits of the claim because the issue had not been raised in the trial court and did not meet the plain error exception to the preservation rule. Nitschke ultimately sought habeas relief in federal court, but the district court concluded that the *Apprendi* claim was procedurally defaulted under federal law and dismissed his habeas petition. Because we conclude that the Oregon Court of Appeals' ruling was not interwoven with federal law, we affirm the district court's judgment.

---

[1]"A question or issue to be decided on appeal shall be raised in the form of an assignment of error, as prescribed in this rule. Assignments of error are required in all opening briefs of appellants and cross-appellants. No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the record." Or. R. App. P. 5.45(1) (2011).

## I.

Nitschke was convicted in 1997 in Oregon state court of eight separate counts. One of those counts was manslaughter, a Class A felony. Or. Rev. Stat. § 163.118(3). The maximum sentence for that count of conviction was 20 years of imprisonment. § 161.605. At sentencing, the court found Nitschke to be a "dangerous offender" under Or. Rev. Stat. § 161.735 and increased his sentence to the maximum allowable 30 years. The judge made this finding on the basis of disputed expert testimony concerning Nitschke's mental health. Nitschke did not raise a constitutional or other objection to the court's "dangerous offender" finding at the sentencing hearing.

While Nitschke's case was on direct appeal to the Oregon Court of Appeals, the United States Supreme Court decided *Apprendi v. New Jersey*, holding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. 466, 490 (2000). In a supplemental brief, Nitschke raised for the first time an *Apprendi* challenge to his sentence.

Because the *Apprendi* argument had not been raised in the trial court, the State argued that the issue was barred by Oregon's preservation rule. This state rule of appellate procedure requires that any matter claimed as error on appeal must have been "preserved"—raised as error in the trial court. Or. R. App. P. 5.45(1). An exception to the preservation requirement is available if the trial court commits "plain error," *i.e.*, makes (1) an error of law that (2) is apparent and (3) appears on the face of the record. *Ailes v. Portland Meadows, Inc.*, 823 P.2d 956, 959 (Or. 1991);[2] *State v. Crain*, 33 P.3d 1050, 1056 (Or.

---

[2]In *Ailes*, the Oregon Supreme Court cited to Or. R. App. P. 5.45(2) and quoted language almost identical to that in the current version of Or. R. App. P. 5.45(1). Rule 5.45 has been amended six times since its adoption in 1990 and apparently one of those amendments reorganized the rule's subparts. The substance of the rule, however, has not changed.

Ct. App. 2001), *rev'd on other grounds*, *State v. Caldwell*, 69
P.3d 830 (Or. Ct. App. 2003). Under Oregon law, an error is
"apparent" when it is "obvious" and "not reasonably in dis-
pute." *Ailes*, 823 P.2d at 959.

Following *Apprendi*, Nitschke was not the only defendant
in Oregon to raise an unpreserved *Apprendi* challenge to a
sentence enhanced under the state's "dangerous offender"
statute. One case, *State v. Crain*, ultimately became the lead
case on this issue.

The Oregon Court of Appeals in *Crain* "decline[d] to con-
sider" the defendant's unpreserved *Apprendi* claim because it
held that the trial court did not commit plain error, and there-
fore that exception to the preservation rule did not apply. 33
P.3d at 1056. Applying *Ailes*, *Crain* held that the alleged error
was "of law" and "on the face of the record." *Id. Crain* further
held, however, that the error was "not 'apparent,' " because
application of the *Apprendi* holding was an issue of first
impression for Oregon courts, "the resolution of which is not
obvious and, thus, is 'reasonably in dispute.' " *Id.*

Citing *Crain*, the Oregon Court of Appeals affirmed
Nitschke's sentence. *State v. Nitschke*, 33 P.3d 1027 (Or. Ct.
App. 2001) (per curiam). The Oregon Supreme Court denied
review in 2002. *State v. Nitschke*, 61 P.3d 938 (Or. 2002). The
United States Supreme Court likewise denied Nitschke's cer-
tiorari petition the following year. *Nitschke v. Oregon*, 538
U.S. 1063 (2003).

## II.

Nitschke timely filed a petition for a writ of habeas corpus
in the federal district court in Oregon pursuant to 28 U.S.C.
§ 2254. Nitschke initially raised five claims in his petition but
subsequently dismissed four of them, leaving only his
*Apprendi* claim. The assigned magistrate judge, in a Report
and Recommendation, concluded that Nitschke's unpreserved

*Apprendi* claim was procedurally defaulted because the Oregon Court of Appeals' ruling rested on an independent and adequate state law ground. Noting that Nitschke did not argue that the procedural default should be excused because of cause and prejudice or manifest injustice, the magistrate judge recommended that Nitschke's habeas petition be dismissed. Adopting the magistrate judge's Report and Recommendation, the district court concluded that the Oregon appeals court's "plain error" analysis "was not interwoven with a federal constitutional claim," and that it therefore operated as "an independent and adequate procedural bar to petitioner's *Apprendi* claim." The district court therefore dismissed Nitschke's habeas petition. Nitschke timely appealed.

## III.

We review de novo a district court's dismissal of a 28 U.S.C. § 2254 habeas petition on the basis of state procedural default. *Griffin v. Johnson*, 350 F.3d 956, 960 (9th Cir. 2003).

We have jurisdiction to review the final judgment in a habeas proceeding under 28 U.S.C. §§ 1291 and 2253(a). As required by 28 U.S.C. § 2253(c)(1)(A), the district court granted a certificate of appealability "as to petitioner's argument that the decision of the Court of Appeals was interwoven with federal law."

## IV.

The issue before us is whether Nitschke's *Apprendi* claim is procedurally defaulted. Nitschke does not contest that his *Apprendi* constitutional claim is unpreserved or that the Oregon Court of Appeals was required to determine whether the alleged sentencing error constituted "plain error" in order to address his claim on the merits. Nitschke argues instead that the federal courts may reach the merits of his constitutional claim because the Oregon Court of Appeals' decision was

"interwoven" with federal law.[3] We disagree. Because the Oregon Court of Appeals' decision did not reach the merits of Nitschke's federal law claim, and was clearly and expressly based on state law, it was not "interwoven" with federal law and federal review of Nitschke's *Apprendi* claim is barred.

## A.

**[1]** "Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1316 (2012). One such rule is the doctrine of procedural default, according to which a federal court is barred from hearing the claims of a state prisoner in a habeas corpus proceeding when the decision of the last state court to which the prisoner presented his federal claims rested on an "independent and adequate state ground." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).[4] However, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.' "

---

[3]Nitschke also argues that the merits of his *Apprendi* claim are "implicitly include[d]" in the certificate of appealability issued by the district court, which only addressed the procedural bar issue discussed *infra*. Because we conclude that Nitschke's *Apprendi* claim is procedurally defaulted, we need not address this question. Federal habeas review of Nitschke's remaining constitutional claim is barred, whether the merits of that claim are implicit in the certificate of appealability or not.

[4]On direct review of a state court judgment, "the independent and adequate state ground doctrine is jurisdictional." *Coleman*, 501 U.S. at 729. "In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism." *Id.* at 730.

*Id.* at 735 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). A state court may overcome the above presumption simply by stating "clearly and expressly that its decision is based on bona fide separate, adequate, and independent grounds." *Id.* at 733 (quoting *Long*, 463 U.S. at 1041) (internal quotation marks and alterations omitted).

**[2]** A state court judgment rests on an independent and adequate state procedural ground when the "state court decline[s] to address a prisoner's *federal* claims because the prisoner . . . failed to meet a *state* procedural requirement." *Id.* at 730 (emphasis added).

"For a state procedural rule to be 'independent,' the state law ground for decision must not be 'interwoven with the federal law.' "[5] *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting *Long*, 463 U.S. at 1040-41, and citing *Harris v. Reed*, 489 U.S. 255, 265 (1989) (applying *Long* to federal habeas cases)). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.' " *Id.* (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)) (alteration in original). *See also Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam) (noting that, although the rule at issue there "does not require a federal constitutional ruling on the merits, if the state court's decision rested primarily on a ruling on the merits nevertheless, its decision would not be independent of federal law"). A review of pertinent Supreme Court caselaw illustrates that a state court ruling, even on a state procedural issue, that necessarily or actually depends on an antecedent ruling *on the merits* of a federal claim is interwoven with federal law and therefore not independent.

---

[5]Independence and adequacy are two separate inquiries; here, Nitschke only challenges whether the Oregon Court of Appeals' decision is independent of federal law. Therefore we do not address the question of adequacy.

In *Ake v. Oklahoma*, the Supreme Court held that an Oklahoma state court's decision was not independent of federal law because its application of the Oklahoma waiver rule regarding unpreserved claims depended on an antecedent ruling on the merits of a federal constitutional claim. 470 U.S. at 75. Significantly, the Oklahoma waiver rule did not apply to "fundamental trial error." *Id.* at 74. And, under Oklahoma law, federal constitutional errors were considered "fundamental." *Id.* Therefore, when an Oklahoma court invokes the state's waiver rule, it must first decide whether any federal constitutional error existed—thus ruling, "either explicitly or implicitly," on the merits of a federal claim. *Id.* at 75.

In *Stewart v. Smith*, by contrast, the Supreme Court held that a decision by an Arizona state court was independent of federal law because application of the Arizona waiver rule regarding unpreserved claims only required the state court to "categorize" a federal claim and not to rule on its merits. 536 U.S. at 859. The prisoner in *Stewart* filed a petition for state postconviction relief pursuant to Ariz. R. Crim. P. 32, alleging *inter alia* that his federal Sixth Amendment right to counsel had been violated by his trial attorney's ineffective assistance. *Id.* at 857. The state court rejected the prisoner's claim, finding it waived under Rule 32.2(a)(3), which "applies different standards for waiver depending on whether the claim asserted in a Rule 32 petition is of 'sufficient constitutional magnitude.' " *Id.* at 858. Application of Rule 32.2(a)(3), the Supreme Court concluded, "does not require courts to evaluate the *merits* of a particular claim, but only to *categorize* the claim," and state court determinations under the rule are therefore independent of federal law. *Id.* at 859 (emphasis added). The Court further elaborated on its reasoning by explaining that under Rule 32.2(a)(3) "[c]ourts need not decide the merits of the claim, *i.e.*, whether the right was actually violated. They need only identify what type of claim it is, and there is no indication that this identification is based on an interpretation of what federal law requires." *Id.* at 859-60.

**[3]** *Ake* and *Stewart* make clear that where a state court ruling, even on a state procedural issue, necessarily or actually depends on an antecedent ruling on the merits of a federal claim, that state decision is *not* independent of federal law; and that where a state court ruling merely categorizes a federal claim without reaching the merits, that decision is independent and federal habeas review is precluded.

Our most recent decision on this issue supports the *Ake-Stewart* distinction. In *Cooper v. Neven*, we held that a state court decision was not independent of federal law "because it was based *on the merits* of [a] federal *Brady* claim." 641 F.3d 322, 332 (9th Cir.) (emphasis added), *cert. denied*, 132 S. Ct. 558 (2011). In *Cooper*, the Nevada Supreme Court "explicitly relied on" its analysis of two *Brady* factors in its discussion of whether the "cause-and-prejudice" exception to two state procedural bars had been met. 641 F.3d at 332. We had previously held that the two state procedural bars, Nev. Rev. Stat. §§ 34.726(1) and 34.810(2), were independent state grounds. *Id.* (listing cases so holding). In *Cooper*, however, we held that where a *Brady* claim is at issue, the state "cause-and-prejudice" inquiry dovetails exactly with the merits of the federal claim because "the claim is itself the justification for the default." *Id.* at 332-33. In holding that the state procedural bars applied to Cooper's claim, the Nevada state court therefore necessarily rested its analysis on the merits of the federal *Brady* claim, and its opinion was not independent of federal law.

**B.**

We turn to Nitschke's specific argument. Nitschke contends that the Oregon Court of Appeals' ruling on the state trial court's alleged "plain error" was interwoven with federal law because it "rul[ed] on the clarity of federal law," namely of *Apprendi*. We disagree. Although the state appeals court did rule on the clarity of *Apprendi*, its ruling was nonetheless independent of federal law.

In affirming Nitschke's sentence, the Oregon Court of Appeals cited *Crain*, which held that "the proper application of the Supreme Court's reasoning in *Apprendi* to the factors set out in [the Oregon dangerous offender statute] is an issue of first impression in this state, the resolution of which is not obvious and, thus, is 'reasonably in dispute.' " *Crain*, 33 P.3d at 1056. Therefore, the *Apprendi* error was not "apparent" under the state's "plain error" standard. *Id.* This ruling necessarily finds that in 2001 it was not sufficiently clear how the *Apprendi* rule should apply to sentencing enhancements under the dangerous offender statute.[6] This finding required the Oregon Court of Appeals to analyze and categorize *Apprendi* according to state law standards on "apparent" error. The analysis and categorization of *Apprendi*, however, was not a ruling on the merits of Nitschke's constitutional claim, and was therefore independent of federal law.

Although the Oregon Court of Appeals' ruling in *State v. Crain* does address *Apprendi*'s holding, we reject Nitschke's

---

[6]Three years after the Oregon Court of Appeals decided *Crain*, the United States Supreme Court noted in *Blakely v. Washington* that *Apprendi* announced a "bright-line rule." 542 U.S. 296, 308 (2004). Subsequent to *Blakely*, the Oregon Court of Appeals held that sentence enhancements under the dangerous offender statute, when based on a trial court's findings and not on facts found by a jury or admitted by the defendant, violate a defendant's rights under the Sixth and Fourteenth Amendments. *State v. Warren*, 98 P.3d 1129, 1135 (Or. Ct. App. 2004). Contrary to its holding in *Crain*, the Oregon Court of Appeals later held that imposition of a dangerous offender enhancement in excess of the prescribed statutory maximum sentence, in violation of *Apprendi* and *Blakely*, constitutes "plain error" under Oregon's preservation rule. *State v. Shelters*, 200 P.3d 598, 599-600 (Or. Ct. App. 2009). As a purely legal question, it therefore seems quite clear—at least after *Warren* and *Shelters*—that the state court did, in fact, violate *Apprendi* when it sentenced Nitschke to an extra ten years in prison as a "dangerous offender." If Nitschke's sentence were on direct review in the Oregon courts today, subsequent to *Warren* and *Shelters*, his *Apprendi* claim would not necessarily be procedurally barred. This change of law came about, however, after the Oregon courts had decided Nitschke's direct appeal, and therefore has no effect on our ability to review his claim under 28 U.S.C. § 2254.

suggestion that the court's ruling necessarily considered the merits of his claim. Our own precedent illustrates that the clarity of the law for "plain error" purposes and the merits of a federal law claim are separate issues. *See United States v. Thompson*, 82 F.3d 849, 856 (9th Cir. 1996). In *Thompson*, we held that the law on pre-arrest silence was not then sufficiently clear to allow us to review an unpreserved claim on that issue under the federal "plain error" doctrine. *Id.* In so holding, we noted that in ruling on the clarity of the law, we "[did] not intend . . . to express any opinion about the constitutionality of the prosecutor's actions." *Id. Thompson* therefore recognizes that a court may rule on the clarity of a given area of the law without reaching the merits of a claim based on that law.

   **[4]** That is exactly what the Oregon Court of Appeals did in declining to consider the merits of Nitschke's unpreserved *Apprendi* claim. The Oregon Court of Appeals neither explicitly nor implicitly ruled on the merits of Nitschke's constitutional claim. There was no discussion of whether the state trial court did or did not violate *Apprendi* when it sentenced Nitschke to an enhanced sentence under the state's dangerous offender statute. And unlike in *Ake*, an antecedent ruling on that issue or any other federal issue was not necessary for the Oregon Court of Appeals to conclude that the proper application of *Apprendi* was insufficiently "apparent" to meet the state's "plain error" exception. *See* 470 U.S. at 75. Rather, this case is analogous to *Stewart*, in which an Arizona state court was required under state law to "categorize" a federal claim. *See* 536 U.S. at 859. In *Crain*, the Oregon Court of Appeals analyzed and characterized *Apprendi*, but never actually applied the holding of *Apprendi* to the alleged sentencing error. Such an analysis of federal law is not the equivalent of a ruling on the merits of a federal claim, and is therefore independent of federal law.

   **[5]** Moreover, in *Crain* the Oregon Court of Appeals determined the clarity of *Apprendi* under a *state-law* standard, and

it is explicit from the court's opinion that its judgment rested on that standard. *See Crain*, 33 P.3d at 1056; *see also Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). The court did not engage in a discussion of the clarity of *Apprendi* in general or under the federal "plain error" standard, but instead focused on the application of the Oregon "plain error" rule to the *Apprendi* opinion. This is apparent from the appeals court's discussion of the "plain error" argument, which cites only to Oregon's preservation rule—Or. R. App. P. 5.45—and to Oregon cases construing that rule—*Ailes*, 823 P.2d 956; *State v. Longenecker*, 27 P.3d 509 (Or. Ct. App. 2001); and *State v. Skelton*, 957 P.2d 585 (Or. Ct. App.), *petition for review denied*, 964 P.2d 1030 (Or. 1998)—in its analysis of whether the trial court committed plain error in sentencing Crain to an extended sentence under the dangerous offender statute. *Crain*, 33 P.3d at 1056. Although the Oregon Court of Appeals did not explicitly declare that its holding rested solely on the state's "plain error" standard, its exclusive citation of state law makes clear that its decision rested solely on state law grounds. *Cf. Ohio v. Robinette*, 519 U.S. 33, 37 (1996) (holding that a state court decision that cited only to federal cases and to state cases interpreting federal law was "interwoven" with federal law); *Pennsylvania v. Labron*, 518 U.S. 938, 941 (1996) (same); *Arizona v. Evans*, 514 U.S. 1, 9-10 (1995) (same). The court's focused discussion is sufficient to satisfy the requirement that a state court "clearly and expressly" state that its judgment rests on state law. *See Coleman*, 501 U.S. at 733; *Koerner v. Grigas*, 328 F.3d 1039, 1051 (9th Cir. 2003).

**[6]** In sum, because the Oregon Court of Appeals did not explicitly or implicitly reach the merits of Nitschke's *Apprendi* claim, and clearly and expressly based its decision on state-law grounds, its decision was independent of federal law and we are barred from reviewing Nitschke's *Apprendi* claim.[7]

---

[7]If a federal court finds that a state court judgment rested on "an independent and adequate state procedural ground, 'federal habeas review is

## V.

**[7]** For the foregoing reasons, we hold that Nitschke's *Apprendi* claim is procedurally defaulted and that we therefore are barred from reviewing his habeas petition.

**AFFIRMED.**

---

barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.' " *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) (quoting *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993)); *see also Martinez*, 132 S. Ct. at 1316. Nitschke does not attempt to show cause and prejudice, or argue that a failure to reach his *Apprendi* claim on the merits would result in a fundamental miscarriage of justice. Therefore, our inquiry ends here.