OPINION
HURWITZ, Circuit Judge:
The central issue before us is whether Smith, an Oregon state prisoner, procedurally defaúlted a federal habeas claim. In Harris v. Reed, the Supreme Court instructed that “a procedural default does not bar consideration of a federal claim ... unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.” 489 U.S. 255, 263, 109 *859 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (internal quotation omitted). Applying Hams and its Ninth Circuit progeny, we hold that Smith did not default his claim and vacate the district court’s dismissal of his habeas petition.
I.
A.
While on patrol, Officer Jason Coyle received a report of an altercation. He responded and took statements from two witnesses at the scene, Colin Fisher and Keir Mellor. Mellor’s statement inculpated Michael Smith, who was charged with first- and second-degree kidnapping, third-degree robbery, and second-degree assault. The case was tried to a judge in a one-day trial.
Fisher did not testify at trial. Mellor was scheduled to testify but did not appear on the morning of trial. The judge recessed the proceedings for several hours to allow the state to locate her. When the trial reconvened, the state explained that it was unable to secure Mellor’s presence and argued that she was unavailable. The state then sought to admit her statement to Coyle under three hearsay exceptions in Oregon’s Evidence Code (OEC): excited utterance (OEC 803(2)), statement of emotional or physical condition (OEC 803(3)), and statement of domestic violence (OEC 803(26)). Smith objected to the admission of the statements on hearsay grounds, but did not raise a Confrontation Clause objection. The judge admitted the statements without identifying the applicable hearsay exception.
Coyle then recounted statements by Mellor that: (1) she and Fisher entered Smith’s residence when he was not home; (2) when Smith arrived, he punched, kicked, and hit Fisher with a hand dolly; and (3) Smith took her keys and phone when he left. The judge found Smith guilty of third-degree robbery and second-degree assault.
B.
Smith’s direct appeal raised a Confrontation Clause challenge to the introduction of the Mellor statements, relying on Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), which was decided after the trial. The Oregon Court of Appeals summarily affirmed the convictions, stating: “We reject without discussion defendant’s arguments regarding his convictions.” State v. Smith, 204 Or.App. 113, 129 P.3d 208, 208 (2006) (per curiam). However, the court vacated Smith’s sentences and remanded for resentencing, finding that the trial judge had improperly imposed an upward departure. Id. at 208-09. The Oregon Supreme Court denied review. State v. Smith, 340 Or. 484, 135 P.3d 319 (2006). After the state filed a motion for reconsideration, the Court of Appeals reinstated the original sentences in a one-sentence opinion: “Motion for relief from default granted; reconsideration allowed; former disposition withdrawn; affirmed.” State v. Smith, 207 Or.App. 318, 140 P.3d 1196, 1196 (2006) (per curiam). The Oregon Supreme Court again denied review. State v. Smith, 342 Or. 474, 155 P.3d 52 (2007).
C.
Smith’s federal habeas petition asserted that the admission of Mellor’s out-of-court statements violated the Sixth Amendment’s Confrontation Clause. The district court found the Confrontation Clause claim proeedurally defaulted because Smith’s hearsay objection at trial did not preserve the claim. The court also found that the cursory rejection of Smith’s appeal by the Oregon Court of Appeals did not preserve the constitutional issue for habeas review, *860 because the state court did not make a written finding of plain error.
Smith argued that the contemporaneous objection rule should not apply because Crawford was decided after his trial. The district court rejected that argument, finding Smith’s trial counsel could at least have made a Confrontation Clause challenge under the then-controlling precedent, Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The district court also found Crawford not sufficiently novel to excuse the absence of a contemporaneous Confrontation Clause challenge.
II.
The appellee Oregon Board of Parole and Post-Prison Supervision (the “state” or “Oregon”) argues that because the Oregon Court of Appeals did not expressly indicate that it was engaging in discretionary plain error review, the court’s opinion cannot be construed to have reached the Confrontation Clause claim. Oregon argues that we therefore must affirm the district court, because we only “construe an ambiguous state court response as acting on the merits of a claim, if such a construction is plausible.” Chambers v. McDaniel, 549 F.3d 1191, 1197 (9th Cir.2008). We review de novo the district court’s conclusion that the state court decision could not plausibly be read as acting on the merits. Leavitt v. Arave, 383 F.3d 809, 815 (9th Cir.2004).
A.
In Oregon, an argument concerning the introduction of evidence is generally barred on appeal if not preserved by a contemporaneous objection at trial. Or. R.App. P. 5.45(1). Under Oregon’s plain error doctrine, however, an appellate court may address a defaulted argument if the trial court committed error apparent on the face of the record. State v. Ramirez, 343 Or. 505, 173 P.3d 817, 821 (2007). Even if the appellate court finds plain error, it must decide whether to exercise its discretion to consider that error. Id. If the appellate court reaches the issue, it must “articulate its reasons for doing so.” State v. Fults, 343 Or. 515, 173 P.3d 822, 826 (2007) (en banc) (internal quotation omitted).
In Chambers, we held that “unless a court expressly (not implicitly) states that it is relying upon a procedural bar, we must construe an ambiguous state court response as acting on the merits of a claim, if such a construction is plausible.” 549 F.3d at 1197. There is no warrant to depart from the Chambers rule here.[1] Although an Oregon court may be required under state law to detail its reasons for exercising its discretion to treat an objection not raised at trial, the Oregon Court of Appeals might have declined to exercise that discretion in Smith’s case either because of the lack of a contemporaneous objection or because it concluded that the trial court had not committed plain error.
Indeed, the cursory rejection of Smith’s appeal makes it quite plausible that the Oregon Court of Appeals reached the merits of his Sixth Amendment claim. The *861 court treated Smith’s unpreserved Confrontation Clause claim in precisely the same manner as his plainly preserved state hearsay claim. Smith’s brief to that court raised only the Confrontation Clause and hearsay issues with respect to his convictions, and the Court of Appeals rejected both identically — “without discussion.” Smith, 129 P.3d at 208. Because the Court of Appeals thus rejected the state hearsay claims on the merits, its failure to treat the federal constitutional argument separately requires that under Chambers, we presume that the federal claim was also rejected on the merits. See Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 1096, 185 L.Ed.2d 105 (2013) (“When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits — but that presumption can in some limited circumstances be rebutted.”).
The dissent’s suggestion that we today depart from the teaching of Coleman v. Thompson, 501 U.S. 722, 736, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), is misplaced. Coleman held that the Harris presumption did not apply when the Virginia Supreme Court dismissed an appeal in direct response to a state motion contending that it had been untimely filed. Id. at 740, 111 S.Ct. 2546. That dismissal expressly indicated that the state court had not treated any federal constitutional issues. Id. (“The Virginia Supreme Court stated plainly that it was granting the Commonwealth’s motion to dismiss the petition for appeal. That motion was based solely on Coleman’s failure to meet the Supreme Court’s time requirements.”). Here, in contrast, the Oregon Court of Appeals affirmed the denial of post-conviction relief without intimating that its disposition rested on state procedural grounds.
B.
Citing Nitschke v. Belleque, 680 F.3d 1105, 1111 (9th Cir.2012), Oregon argues that in conducting a plain error analysis, a state court would simply have determined whether federal law was clear at the time of Smith’s trial, and would not have independently evaluated the merits of Smith’s Crawford claim. But, in Nitschke the Oregon court expressly cited a previous Oregon opinion holding that an unpreserved federal constitutional claim did not qualify for plain error review. State v. Nitschke, 177 Or.App. 727, 33 P.3d 1027, 1027 (2001) (per curiam) (citing State v. Crain, 177 Or.App. 627, 33 P.3d 1050 (2001)). We relied on that citation in determining that the state court acted on procedural grounds. Nitschke, 680 F.3d at 1112.
In contrast, the Oregon Court of Appeals here rejected Smith’s claim without any discussion or citation. It is precisely this lack of clarity that invokes the settled Chambers rule: “where the [state court] includes no citation and simply states that the petition is denied, that absence of a citation coupled with the cursory statement denying the petition satisfies the exhaustion requirement.” 549 F.3d at 1197-98.
C.
Finally, Oregon argues that the Chambers rule should not apply because its appellate courts reach the merits of unpre-served claims only in rare instances. That statement, of course, could be made about virtually all state appellate courts; else-wise, the universal contemporaneous objection rule would be of little consequence. Accepting the state’s argument would effectively render Harris to the dustbin, as every other state surely could also claim that treatment of unpreserved constitutional issues on direct appeal is the infre *862 quent exception, rather than the rule. We are not free to disregard the clear guidance of the Supreme Court, let alone vitiate its opinion in Hams, and reject this gambit.
III.
For the reasons above, we VACATE the district court’s dismissal of the Petitioner’s habeas petition and REMAND for further proceedings consistent with this opinion.[2]
Each party is to bear its own costs.

. The dissent contends that we "over-read[]” Chambers. Dissent at 12. To the contrary, it is our colleague who incorrectly reads Chambers as departing from Ninth Circuit precedent. In Chambers, we construed an ambiguous Nevada Supreme Court order denying a habeas petition as a decision on the merits. 549 F.3d at 1198-99. In so doing, the panel expressly cited and applied the settled rule first announced in Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir.1974) (en banc), that "we must construe an ambiguous state court response as acting on the merits of a claim.” Chambers, 549 F.3d at 1197. We again apply that rule today.

. Because we hold that Smith's federal habe-as claim was not procedurally defaulted, unlike our dissenting colleague,- we do not address whether there is cause and prejudice to excuse a default. See Dissent at 17-20.