Chief Judge KOZINSKI,
dissenting:
The Oregon Court of Appeals affirmed Smith’s conviction in a one-sentence order. The majority deploys a presumption that such a summary disposition constitutes a decision on the merits of Smith’s federal claim unless the state court “clearly and expressly states that its judgment rests on a state procedural bar.” Maj. op. at 858 (quoting Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). But this presumption applies only when the state court’s ruling fairly appears to rest primarily on the resolution of federal claims, or to be interwoven with such claims, neither of which is the case here. We are therefore bound to conclude that the state court decided the case on state-law grounds, precluding federal relief.
I
Before seeking relief from a state conviction in federal court, a prisoner must exhaust all available state remedies. 28 U.S.C. § 2254(b)(1). If the state court denies relief on an adequate and independent state ground, such as noncompliance with a state procedural rule, the federal claim is procedurally defaulted and a federal court cannot grant relief unless petitioner shows cause for the default and prejudice resulting from the alleged constitutional violation. Wainwright v. Sykes, 433 U.S. 72, 90-91, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
To determine whether a conviction rests on an adequate and independent state ground, we look to the last reasoned decision of the state courts. Ylst v. Nunne-maker, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Here there is no reasoned decision: The trial court made no decision because petitioner didn’t object on Confrontation Clause grounds, and the court of appeals issued only summary af-firmances. The question is, what must we infer about the basis for the state court’s decision when it mentions no law at all, state or federal?
A
Under Oregon’s contemporaneous objection rule, Smith was required to raise his Confrontation Clause claim at trial in order to preserve it for appeal. Or. R.App. P. 5.45(1). His failure to do so provides an adequate and independent state ground on which the Oregon Court of Appeals could have affirmed his conviction. But Oregon appellate courts have discretion to consider a defaulted claim if (1) the trial court committed an error of law, (2) that is obvious, and (3) on the record, if (4) doing so is justified. Ailes v. Portland Meadows, Inc., 312 Or. 376, 823 P.2d 956, 959 (1991). To add a further layer of complexity, a court’s decision to engage in plain-error review doesn’t necessarily mean that its affirmance rests on resolution of the federal claim. This is because the second prong of the plain-error analysis — the de *863 termination that an error of law is obvious — is itself a question of state law, reliance on which precludes federal review. See Nitschke v. Belleque, 680 F.3d 1105, 1112 (9th Cir.2012).
Although an Oregon court must articulate its reasoning when it overturns a trial court decision on plain-error review, it’s not required to do so if it considers the four prongs and finds one of them unsatisfied. Ailes, 823 P.2d at 959. In such circumstances, we can’t tell whether the state court rejected the claim for failure to comply with an adequate and independent state rule (a state-law ruling), based on an assessment of the merits (a federal-law ruling) or because it found one or more of the four plain-error prongs unsatisfied (either a state or federal-law ruling). This is the situation Smith finds himself in.
B
The majority cites Harris and Chambers v. McDaniel, 549 F.3d 1191 (9th Cir.2008), for the proposition that a state court’s decision is presumed to rest on federal grounds unless that court expressly states that it’s relying on a state procedural bar. But this over-reads Harris and Chambers, and contradicts the letter and logic of our precedent.
Harris presented an ineffective assistance of counsel claim in a state petition for postconviction relief. The state court observed that the claim was not properly before it because Harris had failed to raise it on direct appeal, but proceeded to evaluate the merits of the claim and rejected it. Harris, 489 U.S. at 258, 109 S.Ct. 1038. The Supreme Court held that “if it fairly appears that the state court rested its decision primarily on federal law, this Court may reach the federal question on review unless the state court’s opinion contains a plain statement that [its] decision rests upon adequate and independent state grounds.” Id. at 261, 109 S.Ct. 1038 (quotation marks omitted) (emphasis added). In cases like Harris, where the state court discusses both federal and state law, “[r]e-quiring a state court to be explicit in its reliance on a procedural default does not interfere unduly with state judicial deci-sionmaking.” Id. at 264, 109 S.Ct. 1038.
Harris didn’t focus much on whether the state court’s opinion appeared to rest primarily on federal law. Because the state court discussed the merits of Harris’s federal claim' extensively, even though it acknowledged that the claim was procedurally defaulted, nobody doubted its reliance on federal-law grounds. What, after all, would be the point of discussing federal law if the default was dispositive?
But the Supreme Court underscored the importance of this antecedent question two years later in Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Coleman sought state postconviction relief on numerous federal grounds. After briefing on the merits, the Virginia Supreme Court issued a summary disposition granting the state’s motion to dismiss. Id. at 727-28, 111 S.Ct. 2546. On habeas review, the Supreme Court rejected petitioner’s argument that it should apply the Harris presumption in all cases where federal claims are presented to the state court. Id. at 736, 111 S.Ct. 2546. Instead, the Court held that the presumption applies only where the state court’s disposition “fairly appeared to rest primarily on resolution of those [federal] claims, or to be interwoven with those claims.” Id. at 735, 111 S.Ct. 2546. The state court in Coleman, unlike that in Harris, didn’t discuss either federal or state-law claims. The Supreme Court held that it would be too intrusive to require the state court to clearly state its reliance on state law in such circumstances: “[W]e will not impose on state courts the responsibility for using *864 particular language in every case in which a state prisoner presents a federal claim.” Id. at 739, 111 S.Ct. 2546.
The only rule we can reasonably derive from these two cases is that when a state court discusses both federal and state grounds in an opinion, either of which would independently dispose of the case, a federal court should presume that the court relied on the federal ground. In such situations, the state court has already analyzed the merits of the federal claim, and it would be no great imposition to require it to tell us if it considered some other -ground dispositive. But when the state court discusses the merits of neither federal nor state-law claims, as in Coleman, applying such a presumption as a matter of course trenches on the state judicial process.
As the Supreme Court observed in an analogous context, “requiring a statement of reasons could undercut state practices designed to preserve the integrity of the case-law tradition. The issuance of summary dispositions in many collateral attack cases can enable a state judiciary to concentrate its resources on the cases where opinions are most needed.” Harrington v. Richter, — U.S.-, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011).
Our own cases, including Chambers, reflect this approach. Although the state court in Chambers issued a cursory one-sentence opinion affirming petitioner’s conviction, we were careful to note that “the Nevada Supreme Court did not deny without comment or opinion.” Chambers, 549 F.3d at 1196. Instead, the state court’s opinion stated that it “considered” all materials filed by the parties and “concluded” that intervention wasn’t appropriate. Id. Because the filed materials disclosed that petitioner had presented federal claims to the state court, we concluded that the state court “did more than issue a postcard denial,” and instead specifically evaluated and issued a judgment on the federal claims. Id. at 1198. This didn’t announce a rule that all summary adjudications are presumed to rest on federal grounds unless the state court expressly states to the contrary, as the majority claims. Rather, it stands for the more limited proposition that a federal court may look to the wording and context of a state court’s cursory adjudication to determine whether it fairly appears to rest on the resolution of federal claims.
C
There is nothing in Smith’s case supporting an inference that the state court resolved the federal claim. The Oregon Court of Appeals had two opportunities to consider Smith’s Confrontation Clause claim. The first time, it remanded for re-sentencing after briefly affirming his conviction: , “We reject without discussion defendant’s arguments regarding his convictions.” State v. Smith, 204 Or.App. 113, 129 P.3d 208, 208 (2006) (per cu-riam). The state moved for reconsideration of the sentencing ruling, which the court granted in one terse sentence: “Motion for relief from default granted; reconsideration allowed; former disposition withdrawn; affirmed.” State v. Smith, 207 Or.App. 318, 140 P.3d 1196, 1196 (2006) (per curiam).
Neither of these dispositions remotely suggests that it rested on, or was interwoven with, Confrontation Clause grounds. The state court made no mention of state or federal claims and, unlike the state court in Chambers, the court here used no language permitting a plausible inference that it relied on federal rather than state grounds.
The majority infers that the state court resolved the merits of Smith’s Confronta *865 tion Clause claim because it rejected his hearsay claim in the same disposition, and that claim must have been rejected on the merits, having clearly been preserved. But Smith’s hearsay claims presented no issue of federal law. That the state court rejected Smith’s hearsay claim based on state law tells us nothing about whether it relied on federal law in rejecting his Confrontation Clause claim. There’s no reason to doubt that the state court, resolved both claims on state-láw grounds.
Drawing such a strained inference is particularly dubious when there’s no reason to believe that the Oregon courts normally decide such matters on federal grounds. Ordinary state practice might not be relevant where the Harris presumption applies, but there’s no presumption when the state court’s disposition doesn’t fairly appear to rest on a federal ground. When, as here, the state court gives no indication of what grounds it’s relying on, the fact that it seldom engages in plain-error review counsels against inferring that it did so.
The Supreme Court of Oregon has held that “[i]t is only in rare and exceptional cases that this court will notice an alleged error' [on plain-error review] where no ruling has been sought from the trial judge.” State v. Gornick, 340 Or. 160, 130 P.3d 780, 783 (2006). And, even when a court does engage in plain-error analysis, that doesn’t necessarily mean that it reached the federal grounds because the obviousness prong of the inquiry is a matter of state law. Nitschke, 680 F.3d at 1111-12.
II
Procedural default doesn’t always bar habeas relief. The state procedural rule must be adequate and independent; and, even where it is, habeas review may still be available if petitioner can show cause and prejudice. Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir.2003). None of this helps Smith.
A
Smith concedes that Oregon’s contemporaneous objection rule is independent of federal law, but claims that it provides an inadequate basis on which to deny relief. As a general matter, a state procedural rule is adequate “if it was ‘firmly established and regularly followed’ at the time it was applied by the state court.” Poland v. Stewart, 169 F.3d 573, 577 (9th Cir.1998) (quoting Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991)). Although Oregon courts can engage in discretionary plain-error review, “judicial discretion may be applied consistently when it entails ‘the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits.’ ” Wood v. Hall, 130 F.3d 373, 377 (9th Cir.1997) (quoting Morales v. Calderon, 85 F.3d 1387, 1392 (9th Cir.1996)).
Smith doesn’t dispute that Oregon’s contemporaneous objection rule satisfies this test. Nevertheless, he claims the rule is still inadequate because of a change in Confrontation Clause jurisprudence following his conviction. At the time of Smith’s trial, Ohio v. Roberts held that out-of-court statements could be introduced at trial if the declarant is unavailable and the statements bear adequate indicia of reliability. 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Crawford v. Washington, which was decided while Smith’s direct appeal was pending, overruled Roberts and held that the Confrontation Clause precludes the introduction of out-of-court statements unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine him. 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
*866 Smith argues that Crawford effected a change in law that he “could not have reasonably foreseen,” rendering application of Oregon’s contemporaneous objection rule inadequate as applied to his case. But this goes to cause for the default, see infra Part II.B, not adequacy of the defaulted state rule. See Reed v. Ross, 468 U.S. 1, 13 n. 9, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (collecting cases evaluating the failure to make novel legal claims under the cause-and-prejudice framework). Adequacy focuses on the mine run of cases, not on particular defects in individual applications. See Lee v. Kemna, 534 U.S. 362, 376, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002).
Nor is this one of those “exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question.” Id. For example, the petitioner in Lee orally requested a continuance of his murder trial after subpoenaed alibi witnesses failed to appear, but the trial court denied the motion due to scheduling conflicts. Two and a half years later, when the case was on direct review, the state for the first time invoked a rule requiring that motions for a continuance be submitted in writing along with an affidavit. Id. at 372, 380, 122 S.Ct. 877. The appellate court relied on this rule in denying petitioner relief. The Supreme Court found this inadequate, citing “ ‘the general principle that an objection which is ample and timely to bring the alleged federal error to the attention of the trial court and enable it to take appropriate corrective action is sufficient to serve legitimate state interests, and therefore sufficient to preserve the claim for review here.’” Id. at 378, 122 S.Ct. 877 (quoting Osborne v. Ohio, 495 U.S. 103, 124-25, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (finding a contemporaneous objection rule inadequate to bar habeas review because the defense “pressed the issue [in an earlier motion to dismiss] ... [and] nothing would be gained by requiring Osborne’s lawyer to object a second time, specifically to the jury instruction.”)). There is no unfairness, irregularity or injustice in a state appellate court’s insistence that a defendant first present an objection to the trial judge, who might well have corrected the error, had it been brought to his attention.
The alleged unforeseeability of the Supreme Court’s decision in Crawford is insufficient to bring Oregon’s contemporaneous objection rule within “the small category of cases in which asserted state grounds are inadequate to block adjudication of a federal claim.” Id. at 381, 122 S.Ct. 877. Rather, this contention must be considered under the cause-and-prejudice rubric.
B
The Supreme Court has held that a petitioner can show cause for a procedural default “where a constitutional claim is so novel that its legal basis is not reasonably available to counsel.” Reed, 468 U.S. at 16, 104 S.Ct. 2901. But “[w]here the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.” Engle v. Isaac, 456 U.S. 107, 134, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).
The Supreme Court granted certiorari in Crawford three weeks prior to Smith’s trial, certifying the question as whether it should “reevaluate [the] Confrontation Clause framework established in [Roberts ] and hold that the Clause unequivocally prohibits the admission of out-of-court statements insofar as they are contained in ‘testimonial materials.’ ” Given this timing, *867 we cannot “assume that [counsel was] sufficiently unaware of the question’s latent existence that we cannot attribute to him strategic motives of any sort.” Reed, 468 U.S. at 15, 104 S.Ct. 2901. And when the Supreme Court has already announced its intention to consider an issue, it is no longer the case that “[r]aising such a claim in state court ... would not promote either the fairness or the efficiency of the state criminal justice system.” Id.
Moreover, Smith could have objected under Roberts. While Crawford is likely more favorable to Smith, a key indicium of reliability under Roberts was whether the challenged evidence fell within a firmly rooted hearsay exception. Roberts, 448 U.S. at 66, 100 S.Ct. 2531. Smith did challenge the testimony on hearsay grounds, raising a claim that tracks closely the Confrontation Clause claim he could have made under Roberts. Counsel’s failure to make a Confrontation Clause objection was either an oversight or a tactical decision not to pursue what counsel judged to be a weak claim. Whatever the reason, the fact remains that counsel could have raised a Confrontation Clause claim, and so his failure to do so provides no cause for Smith’s procedural default. Any prejudice he suffered is thus immaterial. Engle, 456 U.S. at 134 n. 43, 102 S.Ct. 1558.
Ill
I would affirm the district court’s denial of petitioner’s habeas petition on the ground that his Confrontation Clause claim is procedurally defaulted and he has failed to show cause and prejudice to excuse this default.