No. 359          May 30, 2024          787

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DERRICK DEAN COFFELT,
*Defendant-Appellant.*

Marion County Circuit Court
20CR14436; A178196

J. Channing Bennett, Judge.

Submitted November 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Derrick Coffelt filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Remanded for resentencing; otherwise affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for first-degree sodomy (Count 1), first-degree unlawful sexual penetration (Count 2), and first-degree rape (Count 3), raising five assignments of error in his opening brief and an additional assignment of error in a *pro se* supplemental brief. In his first assignment, defendant argues that the trial court plainly erred by failing to *sua sponte* strike testimony that he contends was vouching testimony. In his remaining four assignments, defendant challenges the court's imposition of 25-year sentences for Counts 2 and 3 under ORS 137.690, which codified Ballot Measure 73 (2010) and imposes mandatory minimum sentences for specified repeated sex crimes. The state concedes that, under *State v. Thornsberry*, 315 Or App 287, 501 P3d 1 (2021), the trial court plainly erred by imposing the enhanced sentences without a jury finding or admission by defendant as to whether the crimes involved separate criminal episodes. We accept the state's concession, remand the case for resentencing, and otherwise affirm.

Because the parties are familiar with the underlying procedural and factual background, which is undisputed, we do not provide an overview for this nonprecedential memorandum opinion. Instead, we set out only limited facts to provide some context for our decision. Defendant first argues that an investigator's testimony at trial was impermissible vouching, which the trial court had a duty to strike *sua sponte*. "Vouching" refers to a judicially created rule that prohibits one witness from expressing a view on whether another witness is telling the truth. *State v. Murphy*, 319 Or App 330, 334-35, 510 P3d 269 (2022). The investigator, Folkert, specializes in sexual abuse investigations, and the prosecutor questioned him about discrepancies in the victim's statements:

"Q  [by the Prosecutor]. Do you sometimes have to speak to someone more than once?

"A   [by Folkert]. Yes.

"Q.   And in those occasions will you hear certain things you didn't hear the first time?

"A.   Yes.

"Q.   Even the second time.

"A.   Yes.

"Q.   And in your training and experience, does that make you think someone is completely unbelievable?

"A.   No, not at all, like I said, I think that it just, I think that the more you think about something, for example, if you ask me to explain what I did on new Year's Day 2019, I don't know that I could remember, but the more I think about it, if you asked me a day from, from today to, to try and recall what I did on New Year's Day 2019, there might be bits and pieces that I remember, and the more I thought about it, the more I might be able to remember, so I think just from a reasonable kind of perspective I think that that's—that makes sense, that's logical."

In defendant's view, the prosecutor's question and Folkert's response were directly about the victim's credibility as a witness. On appeal, defendant acknowledges that he did not object to the questions or the testimony at trial and therefore requests plain-error review.

For an error to be plain, the claimed error must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose between competing inferences. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). Even where those three conditions are satisfied, however, we must still decide whether to exercise our discretion to correct a plain error. *Id*. Here, even assuming without deciding that the court's failure to *sua sponte* strike Folkert's testimony was plain error, we decline to exercise our discretion to correct it. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (providing nonexhaustive list of factors to consider in deciding whether to exercise discretion to correct plain error, including "whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error").

Had defendant raised a timely objection, the court and the parties could have addressed the issue. For instance, an objection could have led the prosecutor to reframe the

question in a way that clearly conveyed to the jury that Folkert's testimony was a general statement based on his experience conducting sexual assault investigations and not specific to the victim's credibility. *See State v. Cox*, 337 Or 477, 500, 98 P3d 1103 (2004), *cert den*, 546 US 830 (2005) (declining to exercise discretion to correct plain error and explaining that, had the defendant timely objected to witness testimony at trial, "the state *** could have chosen to forego the testimony and avoid the issue"); *see also State v. Harrison*, 267 Or App 571, 577, 340 P3d 777 (2014), *rev den*, 357 Or 164 (2015) (explaining that, where there was "a reasonable dispute as to whether [the witness] impermissibly vouched for" the alleged child victim, "the trial court did not plainly err by not *sua sponte* striking the disputed testimony"); *State v. Wilson*, 266 Or App 481, 495, 337 P3d 990 (2014), *rev den*, 356 Or 837 (2015) (where the witness "was not clearly vouching for [the victim's] credibility in accusing [the] defendant of sexual abuse, *** the trial court did not plainly err in failing to strike the testimony *sua sponte*"). Accordingly, we reject defendant's first assignment of error.

Defendant's remaining assignments of error concern the trial court's imposition of 25-year sentences on Counts 2 and 3 under ORS 137.690. That statute requires a mandatory minimum sentence for persons with one or more previous convictions for major felony sex crimes, including convictions in the same sentencing proceeding, "if the conviction is for a separate criminal episode." ORS 137.690(c). Following the jury's guilty verdicts for all three crimes, the court imposed a mandatory minimum 100-month sentence for Count 1 under ORS 137.700. For Counts 2 and 3, the court imposed 25-year sentences under ORS 137.690 after making its own judicial findings that the crimes involved separate criminal episodes. On appeal, defendant acknowledges that he did not argue that the court lacked authority to sentence defendant under ORS 137.690, and therefore requests plain-error review.

Defendant contends, and the state concedes, that he has a constitutional right to have the jury, and not the court, make the factual finding as to whether Count 1 was part of the same criminal episode as Counts 2 and 3. *See*

*Thornsberry*, 315 Or App at 294 (explaining that factual findings that increase the prescribed statutory maximum term of imprisonment, as ORS 137.690 does, must be made by the jury); *see also Apprendi v. New Jersey*, 530 US 466, 476-77, 120 S Ct 2348, 147 L Ed 2d 435 (2000) (explaining that the Sixth and Fourteenth Amendments to the United States Constitution "entitle a criminal defendant to a jury determination that [the defendant] is guilty of every element of the crime with which he is charged"). Alternatively, defendant argues that the court erred by finding that Count 1 was committed during a separate criminal episode. We need not reach that argument, however, because we accept the state's concession that the trial court plainly erred. Further, the court's error was not harmless, and we exercise our discretion to correct it. *See, e.g.*, *State v. Shelters*, 225 Or App 76, 80, 200 P3d 598, *rev den*, 347 Or 44 (2009) (exercising discretion to correct as plain error a dangerous offender sentence based on judicial factfinding). Accordingly, we remand for resentencing.

Finally, we have reviewed defendant's claims raised in his *pro se* supplemental assignment of error and summarily reject them.

Remanded for resentencing; otherwise affirmed.